UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PAMELA R MATHEWS,**

        **Plaintiff,**

v.                                              Case No: 6:21-cv-808-WWB-EJK

**BRYAN A COLE,**

        **Defendant.**

## ORDER TO SHOW CAUSE

This matter comes before the Court upon sua sponte review of the Second Amended Complaint (Doc. 20). Plaintiff alleges that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. To that end, Plaintiff alleges that the amount in question exceeds $75,000.00. (Doc. 20 ¶ 8.) Specifically, in the wherefore clause, Plaintiff demands $50,000,000 in "economic, compensatory, and punitive damages."

"A claim for an exorbitant amount of damages with no factual basis is not sufficient to establish subject matter jurisdiction under 28 U.S.C. § 1332." *Berman v. Kafka*, No. 3:13-cv-1109-J-JBT, 2014 WL 12616997, at *2 (M.D. Fla. Feb. 4, 2014) (citing *Smartt v. First Union Nat'l Bank*, 245 F. Supp. 2d 1229, 1234 (M.D. Fla. 2003)). With no other allegations to establish the basis for Plaintiff's damages claim, at this juncture, the Court cannot determine whether it has subject matter jurisdiction over this matter.

Accordingly, **on or before August 19, 2021**, Plaintiff is **ORDERED TO SHOW CAUSE**, by written response, why this court has subject matter jurisdiction. Plaintiff's written response shall include "an averment of damages made with sufficient particularity to demonstrate a good faith basis for a claim for [personal injuries] that exceeds $75,000." *Berman*, 2014 WL 12616997, at *2 (citing *Volkswagen, Inc. v. Centrix Fin., LLC*, 357 F. Supp. 2d 837, 844 (D. Md. 2005)). <u>Failure to timely respond to this Order may result in adverse consequences, including dismissal of this action for lack of subject matter jurisdiction.</u>

**DONE** and **ORDERED** in Orlando, Florida on August 12, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE