UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PAMELA R MATHEWS,**

        **Plaintiff,**

**v.**                                              **Case No: 6:21-cv-808-WWB-EJK**

**BRYAN A COLE,**

        **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion for Independent Mental Examination of Plaintiff (the "Motion"), filed February 16, 2022. (Doc. 51.) Upon consideration, the Motion is due to be granted.

Federal Rule of Civil Procedure 35(a)(1) provides, in relevant part, that the "court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a . . . mental examination by a suitably licensed or certified examiner." The court may enter such order "only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). The order must also "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

The party moving for a mental or physical examination under Rule 35 has the burden of establishing that the opposing party's mental condition is both "in controversy" and "good cause" for the Court to order the examination. *See*

*Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). These requirements are "necessarily related" and may be satisfied by the pleading itself when, for example, a plaintiff "in a negligence action who asserts mental or physical injury . . . ." *Id.* at 119. Courts often find that a mental examination is warranted when one or more of the following factors are present:

> (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) allegations of a specific or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) the plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) the plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35.

*Trenary v. Busch Entm't Corp.*, No. 8:05-cv-1630-T-30EAJ, 2006 WL 3333621, at *2 (M.D. Fla. Nov. 16, 2006) (citing *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 554 (N.D. Ga. 2001)). *See also Reaves v. Wayne Automatic Fire Sprinklers, Inc.*, No. 2:11-cv-00049-CEH, 2011 WL 4837253, at *2 (M.D. Fla. Oct. 12, 2011).

Here, Plaintiff has brought suit against Defendant for "domestic, emotional, and sexual abuse," alleging she has suffered, among other things, "panic attacks," "self doubt," "depression," "anxiety," "stress" and "post-traumatic stress disease." (Doc. 20 ¶¶ 9, 24, 36, 113.) Moreover, Plaintiff does not oppose the Motion. (Doc. 51 ¶ 8.) As such, the Court finds that the in controversy and good cause requirements of Rule 35 have been met and that Plaintiff must submit to a mental examination.

Accordingly, it is **ORDERED** that:

1. The Unopposed Motion for Independent Mental Examination of Plaintiff (Doc. 51) is **GRANTED**;

2. Plaintiff shall submit to a mental examination by Tonia L. Werner, M.D. ("Dr. Werner"), on March 18, 2022, at 1:00 p.m. via Zoom; and

3. The examination will include an evaluation of Plaintiff's alleged cognitive, emotional, and psychological issues, as well as the purported causes of Plaintiff's alleged mental and emotional injuries.

**DONE** and **ORDERED** in Orlando, Florida on February 18, 2022.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE