**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PAMELA R. MATHEWS,

      Plaintiff,

v.                                    Case No.: 6:21-cv-00808-WWB-EJK

BRYAN A. COLE,

      Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION TO SEAL**
**UNDER THE HEALTH INSURANCE PORTABILITY**
**AND ACCOUNTABILITY ACT, 42 U.S.C. §§ 1301 _et seq,_**

Defendant, Bryan A. Cole ("Cole"), by and through his undersigned counsel and pursuant to Article I, Section 23 of the Florida Constitution, The Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1301 et seq., HIPAA's regulations, and 45 CFR § 164.512(e), hereby moves to file the expert reports of Dr. Lawrence Amsel, MD and Dr. Tonia L. Werner, MD under seal in support of Defendant's Motion to Exclude the Purported Expert Opinions of Patricia Maisano Under Fed. R. Civ. P. 37, Fed. R. Evid. 702 and Daubert. In support hereof, Cole states as follows:

1.      On or before September 1, 2022, Cole will file a Motion to Exclude the Purported Expert Opinions of Dr. Patricia A. Maisano Under Fed. R. Civ. P. 37, Fed. R. Evid. 702 and Daubert (the "Daubert Motion"). In support of the Daubert Motion, Cole will attach the expert report of Dr. Tonia L. Werner, MD. Dr. Werner was appointed by the Court as an independent medical examiner under Fed. R. Civ. P. 35 to evaluate Plaintiff Pamela R. Mathews' ("Plaintiff") "alleged cognitive, emotional and psychological issues, as well as the purported causes of Plaintiff's alleged mental and emotional injuries." (Doc.

52).  Dr. Werner issued a report that includes a comprehensive review and discussion of Plaintiff's medical records and history, as well as independent diagnoses of Plaintiff based upon that review and her examination of Plaintiff (the "Werner Report").

2.      Dr. Lawrence Amsel was retained by Cole to provide expert psychiatric opinions on (a) whether Plaintiff is currently suffering from any psychiatric disorder, and (b) whether the actions alleged in the operative Second Amended Complaint could have caused or contributed to any alleged or current psychiatric disorder in Plaintiff.  As part of his expert analysis, Dr. Amsel reviewed Plaintiff's medical and historical records.  On June 30, 2022, Dr. Amsel issued his expert report which includes a significant discussion of Plaintiff's medical records, and psychiatric diagnoses.

3.      "The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential."  Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2007) (quotation and citation omitted).  Courts consider a non-exhaustive list of factors in balancing these interests including (a) whether allowing access would impair court functions or harm privacy interests, (b) the likelihood and degree of injury if the private information is made public, (c) the reliability of the information, (d) whether there will be an opportunity to respond to the information, (e) whether the information concerns public officials or public concerns, and (f) the availability of less onerous alternatives to completely restricting public access to the documents.  Id.

4.      Cole brings this motion out of an abundance of caution to comply with federal law.  Good cause exists here because Cole is seeking to seal significant discussions of Plaintiff's private medical records.  That information is protected by HIPAA.

5.      HIPAA "is intended to keep a person's protected health information strictly confidential," and protected health information includes information "that can identify a person and relates to that person's health, the receipt of healthcare services by the person, or the past, present, or future payment for healthcare services provided to the person." Pena v. Marcus, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016) (citing OPIS Management Resources, LLC v. Secretary, Florida Agency for Health Care Admin., 713 F.3d 1291, 1293 (11th Cir. 2013); 45 C.F.R. §§ 160.103, 164.514(b)). In Pena, the court granted a plaintiff's motion to seal certain medical records, explaining "that sealing is the only viable means of protecting Plaintiff's privacy interest in her medical information." Id. The Court ordered that the medical records "shall remain under seal until further Court order or the conclusion of this case, including appeals." See also Brese v. AMF Bowling Centers, Inc., 2020 WL 7385691, at *2 (M.D. Fla. Dec. 16, 2020) (granting defendant's motion to seal document detailing Plaintiff's claimed medical expenses and ordering document to remain under seal for a year).

6.      The Werner Report and the Amsel Report should be sealed because they contain, discuss, reference, cite to or quote healthcare information about the Plaintiff, including her medical records, that is protected from public disclosure by HIPAA.  It is necessary for Cole to file this information because it consists of facts relevant to this action, which are material and must be discussed to resolve the Daubert Motion (and any potential dispositive motions filed by Cole).

7.      Pursuant to Local Rule 1.1(b)(5), Cole proposes that the documents remain under seal until the conclusion of this case, including appeals.

8.　　Pursuant to Local Rule 1.1(b)(6), the names, mailing addresses, email addresses, and telephone numbers of the individuals authorized to retrieve the referenced sealed items is undersigned counsel, and counsel for Plaintiff, included on the service list attached hereto.

WHEREFORE, for all of the foregoing reasons, Cole respectfully requests that the Court enter an Order permitting Cole to file the Werner Report and Amsel Report under seal.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for the movant (Colin Baker, Esq.) certifies that on August 23, 2022 he conferred by telephone with counsel for Plaintiff (Duncan G. Byers, Esq.).  Plaintiff does not oppose the relief requested herein.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 23rd day of August, 2022, I electronically filed the foregoing **Defendant's Unopposed Motion to Seal Under the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1301 <u>et</u> <u>seq.</u>** with the Clerk of the Court by using the CM/ECF system, which will send an electronic copy to the following:

Duncan G. Byers, Esquire
Patten, Wornom, Hatten &
Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Email: dbyers@pwhd.com
      cveals@pwhd.com
*Counsel for Plaintiff*

 

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Email: spiveyw@gtlaw.com
      bakerco@gtlaw.com
      nef-iws@gtlaw.com
      FLService@gtlaw.com
*Counsel Defendant Bryan A. Cole*

By: */s/ I. William Spivey, II*
    I. William Spivey, II, Esquire
    Florida Bar No. 701076
    Colin S. Baker, Esquire
    Florida Bar No. 0066352