# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PAMELA R MATHEWS,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No: 6:21-cv-808-WWB-EJK**

**BRYAN A COLE,**

      **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion to Seal (the "Motion"), filed August 23, 2022. (Doc. 71.) Therein, Defendant requests leave of Court to file under seal the "expert reports of Dr. Lawrence Amsel, MD and Dr. Tonia L. Werner, MD . . . in support of Defendant's Motion to Exclude the Purported Expert Opinions of Patricia Maisano." (*Id.* at 1.) Upon consideration, the Motion is due to be granted.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Defendant has complied with the requirements under Local Rule 1.11(b) and has identified the statute, the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1301 *et seq.*, under which the expert reports should be sealed. Defendant argues good cause exists to permit sealing the expert reports here because they contain "significant discussions of Plaintiff's private medical records," information which is "protected by HIPAA." (Doc. 71 at 2.) HIPAA is intended to keep a person's protected health information strictly confidential. *OPIS Management Resources, LLC v. Secretary, Florida Agency for Health Care Admin.*, 713 F.3d 1291, 1293 (11th Cir. 2013). The Court finds that maintaining an individual's right to privacy over their medical information constitutes good cause for keeping the documents from the public view. *See Pena v. Marcus*, No. 6:15-cv-69-Orl-18TBS, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016) (sealing medical records). Likewise, the Court finds that

good cause exists to seal the reports indefinitely to protect Plaintiff's private medical information.

Accordingly, Defendant's Unopposed Motion to Seal (Doc. 71) is **GRANTED**. Defendant shall submit the expert reports to the Clerk of Court to be filed under seal. The expert reports **shall remain under seal** until further order by the Court.

**DONE** and **ORDERED** in Orlando, Florida on August 24, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE