**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PAMELA R. MATHEWS,

      Plaintiff,

v.                          Case No.: 6:21-cv-00808-WWB-EJK

BRYAN A. COLE,

      Defendant.

_____/

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Bryan A. Cole ("Cole"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 56, hereby moves for partial summary judgment in his favor as to the claims of psychological harm supposedly caused by Cole, as alleged in the Second Amended Complaint and Jury Trial Demand (Doc. 20) filed by Plaintiff, Pamela R. Mathews ("Plaintiff") on June 28, 2021 (the "SAC"). In support hereof, Cole states as follows:

**I.**     **Introduction and Background.**

The question before the Court is whether Plaintiff has adduced the necessary evidence to proceed with her claims that Cole caused Plaintiff's purported psychological harm.  The answer to that question is clearly "no."  Plaintiff's alleged psychological harm supposedly includes post-traumatic stress disorder ("PTSD"), "Stockholm Syndrome," depression, anxiety and probably other ailments that Plaintiff will make up along the way. But the law in this Circuit is clear that when the causal link between alleged injuries and the conduct at issue is not readily apparent to a lay person – like Plaintiff's alleged psychological injuries here – expert medical testimony as to medical causation is

necessary. Plaintiff disclosed three (3) experts in this action that Plaintiff "expects" to testify that Cole caused her alleged psychological harm. But none of them fit the bill. One of those experts is an unqualified nurse who produced a fatally deficient report, and must be excluded under Daubert. And Plaintiff's other two experts expressly admitted during their depositions that they cannot testify that Cole caused Plaintiff's alleged psychological problems. Plaintiff thus has no competent expert testimony necessary to show that Cole caused her purported psychological injuries, and Cole is entitled to summary judgment on those claims.

On June 28, 2021, Plaintiff filed the operative SAC.[1] (Doc. 20). In that rambling pleading, Plaintiff alleges that she and Cole had a several-year romantic relationship during which Cole supposedly physically and emotionally abused Plaintiff. Pertinent here, a main theme of Plaintiff's story is that Cole caused her to suffer all manner of psychological injuries. In particular, Plaintiff scatters throughout the SAC numerous allegations that Cole caused her to suffer PTSD, panic attacks, depression, and anxiety. See SAC at ¶s 24, 36, 63-64, 67, 83, 113. Based upon these false accusations (and a plethora of other false and sordid allegations), Plaintiff asserts a single cause of action against Cole under Fla. Stat. § 768.35, and seeks a mind-boggling $50 million in damages.

On May 31, 2022, Plaintiff filed her Expert Witness Disclosure and Report. (Doc. 56). In it, Plaintiff attempted to disclose three (3) experts who Plaintiff "expects" will testify

---

[1] Cole filed a Motion to Strike and For More Definite Statement as to the SAC (the "Motion to Strike"). (Doc. 26, filed July 12, 2021). On August 6, 2021, the Court entered an Order granting in part and denying in part the Motion to Strike in which the Court struck paragraphs 13-20, 25, 28, 33, 57, 71, 72 and 96 from the SAC. (Doc. 31).

about the psychological injuries supposedly caused by Cole.  (Id. at 1).  Obviously, Plaintiff may not rely upon any non-disclosed expert to fill her evidentiary void.

The first expert listed on the disclosure is Dr. Patricia A. Maisano ("Maisano"); Plaintiff also attached her paltry expert "report" to the disclosure filing.  (Id. at 4-12). According to Plaintiff's disclosure, Maisano was "retained with regards to the psychological harm caused to Plaintiff by" Cole.  (Id. at 1).  In her report, Maisano opines that Plaintiff has "Stockholm Syndrome," which Maisano wrongly describes as a "form" of PTSD.[2]  She goes to on to conclude – with no analysis whatsoever – that Cole is the cause of Plaintiff's condition. (Id. at 6-7).  Maisano's expert "report" and her opinions are plagued with countless fatal flaws, however, including the facts that (a) her report fails to comply with almost every single requirement of Fed. R. Civ. P. 26(a)(2)(B), (b) she is not legally qualified to diagnose Plaintiff in the first place, or opine upon the cause of Plaintiff's supposed mental disorders, and (c) she failed to use anything resembling a reliable methodology in reaching her conclusions.  On even date herewith, Cole filed a Motion to Exclude the Purported Expert Opinions of Patricia A. Maisano Under Fed. R. Civ. P. 37, Fed. R. Evid. 702 and Daubert (the "Maisano Daubert Motion"). (Doc. 75).

The second expert is listed just as "Dr. Klein" – really Dr. David S. Klein, MD – who Plaintiff "expects" will testify about "the psychological harm caused to Plaintiff by [Cole]. Dr. Klein will base his testimony on his personal treatment of Plaintiff as well as his review of Plaintiff's history, medical records and professional experience in the field."  (Doc. 56

---

[2] The purported "Stockholm Syndrome" diagnosis is wrong on so many levels it is difficult to take Maisano's opinion seriously. For starters, Stockholm Syndrome is *not* an established diagnosis at all because there is little evidence supporting it.  Indeed, it is not a psychiatric diagnosis recognized at all by the Diagnostic and statistical Manual of Mental Disorders, Fifth Edition ("DSM-5"), or the International Classification of Diseases.  See (Doc. 75 at 25).  Moreover, Stockholm Syndrome is *not* a recognized "form" of PTSD. Stockholm Syndrome does not appear at all in the discussion of PTSD in the DSM-5. Id.

at 1).  Plaintiff did not disclose an expert report for Dr. Klein, presumably because Plaintiff thinks that this meager statement satisfies the disclosure requirements of a non-retained expert under Fed. R. Civ. P. 26(a)(2)(C).

The third and final expert identified in Plaintiff's expert witness disclosure is listed just as "Dr. Furbringer" – really Dr. Toni Furbringer, PhD – who Plaintiff "expects" will also testify about "the psychological harm caused to Plaintiff by [Cole] as well as the nature of the relationship and the nature of [Cole's] behavior.  Dr. Furbringer will base her testimony on her personal treatment of Plaintiff as well as her review of Plaintiff's medical records, and professional experience in the field." (Id.).  Like Dr. Klein, Plaintiff did not disclose an expert report for Dr. Furbringer; again, presumably because Plaintiff thinks the brief description of her "expected" testimony satisfies Fed. R. Civ. P. 26(a)(2)(C).

Although this supposed causation evidence – "expected" and otherwise – is obviously cumulative, none of it is actually competent or admissible.  For starters, the Maisano Daubert Motion is due to be granted on any number of grounds, so Maisano's *ipse dixit* about causation is a complete non-starter.  And while Plaintiff "expects" Dr. Klein and Dr. Furbringer to testify about causation, Plaintiff's expectations are misplaced.  Both Dr. Klein and Dr. Furbringer unequivocally testified during their depositions that they (a) did not conduct any causation analysis concerning Plaintiff's alleged psychological harm, and (b) cannot testify that Cole caused Plaintiff's alleged psychological harm.  There is thus no competent, admissible expert testimony showing that Cole caused Plaintiff's purported psychological injuries, which dooms that element of Plaintiff's case.

**II.    Cole Is Entitled to Summary Judgment on Plaintiff's Claims of Psychological Damage Supposedly Caused by Cole Because Plaintiff Has No Admissible Expert Proof of Causation.**

> **A.    Plaintiff's Claims of Psychological Harm Require Expert Testimony to Show Causation.**

Plaintiff's purported claims for psychological injuries allegedly caused by Cole – whether it is PTSD, "Stockholm Syndrome," anxiety, depression or whatever else she may attempt to trot out at trial – fail as a matter of law because (a) expert testimony is necessary to prove medical causation for these alleged conditions, and (b) there is zero admissible expert testimony that Cole caused Plaintiff's purported conditions.[3]  Indeed, even Plaintiff's treating physicians testified that they could not state that Cole caused Plaintiff's alleged psychological conditions.

"Although causation is an issue generally left to the jury, expert testimony is required to establish causation in cases that involve complex technical, medical, or scientific issues that fall beyond the scope of a layperson's knowledge." Small v. Amgen, Inc., 2017 WL 5444003, at *2 (M.D. Fla. Mar. 22, 2017), aff'd, 723 F. App'x 722 (11th Cir. 2018) (granting summary judgment where plaintiff had no expert testimony supporting claims that medication caused infections); see Jacob v. Korean Air Lines Co., 606 F. App'x 478, 481 (11th Cir. 2015) (holding that expert medical testimony was required to show that heart disease and diabetes were caused by accident on an airline flight); Guinn v. AstraZeneca Pharm. LP, 602 F.3d 1245, 1256 (11th Cir. 2010) (affirming summary judgment because plaintiff did not have an expert to testify about causation after the

---

[3] There can be no dispute that causation is a necessary element of Plaintiff's lone claim under Fla. Stat. § 768.35, which expressly states that "[a] victim of domestic violence, as defined in s. 741.28, who has suffered repeated physical or psychological injuries over an extended period of time, *as a result of continuing domestic violence*, has a cause of action against the perpetrator responsible for the violence." Fla. Stat. § 768.35(1) (emphasis added).

district court excluded plaintiff's only expert under <u>Daubert</u>); <u>Wingster v. Head</u>, 318 F. App'x 809, 815 (11th Cir. 2009) (granting summary judgment to claim that battery caused aneurysm because "this medical causation issue presents a technical and scientific issue that requires the specialized knowledge of an expert medical witness," and the Plaintiff offered none); <u>Arquette v. Eslinger</u>, 2010 WL 11623669, at *11 (M.D. Fla. Feb. 10, 2010) (plaintiff's claim that an assault could and did cause a stillbirth requires expert testimony); <u>In re Am. Airlines Flight 331</u>, 2013 WL 12340397, at *1 (S.D. Fla. Oct. 24, 2013) (claims of physical and emotional injuries required expert testimony if it involved medical diagnoses or medical causation); <u>In re Trasylol Prod. Liab. Litig.</u>, 2013 WL 3353833, at *3 (S.D. Fla. July 3, 2013) ("Expert medical opinion evidence is usually required to show the cause of an injury or disease because the medical effect on the human system of the infliction of injuries is generally not within the sphere of the common knowledge of the lay person."); <u>Leblanc v. Coastal Mech. Servs., LLC</u>, 2005 WL 5955027, at *2 n.1 (S.D. Fla. Sept. 7, 2005) (diagnosis of mental disease or defect requires testimony of qualified expert); <u>Whitehead v. City of Bradenton</u>, 2015 WL 1810727, at *3 (M.D. Fla. Apr. 20, 2015) (granting partial summary judgment and precluding the plaintiff from testifying about injuries that are not readily observable).[4]

The law in this Circuit is also clear about when expert testimony is required to show medical causation. ***"When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required."*** <u>Rivera v. Royal Caribbean Cruises Ltd.</u>, 711

---

[4] It is also worth noting that a plaintiff cannot use temporal proximity between alleged misconduct and the resulting psychological condition(s) to get around the need for expert testimony when the issue is one of medical causation. <u>Wingster</u>, 318 F. App'x at 815.

F. App'x 952, 954 (11th Cir. 2017) (emphasis added); Goncharenko v. Royal Caribbean Cruises, Ltd., 734 F. App'x 645, 648 (11th Cir. 2018) (same).

And expert testimony on the cause of alleged psychological injury becomes even more necessary when there is evidence that the plaintiff has pre-existing medical conditions.   A lay person simply does not have the knowledge to distinguish a plaintiff's preexisting ailments from those experienced after – and because of – the alleged misconduct.   See id.; Aponte, 2019 WL 943267, at *5 ("[W]ithout expert testimony, a lay factfinder would not be able to distinguish between [plaintiff's] extensive prior medical history of depression, anxiety, neck and back pain, and chronic pain syndrome, on the one hand, and his current complaints of those same issues, on the other."); Conden v. Royal Caribbean Cruises Ltd., 2021 WL 4973533, at *5 (S.D. Fla. June 21, 2021) ("Expert testimony is also required to distinguish between ailments that a plaintiff had before an accident and those she experienced after – and due to – the incident.") (quoting Johnson v. Carnival Corp., 2021 WL 1341526, at *8 (S.D. Fla. Apr. 9, 2021)).[5]

Here, Plaintiff's SAC is littered with (brazenly false) allegations of psychological injuries supposedly caused by Cole during the parties' relationship.   According to Plaintiff, Cole caused PTSD, panic attacks, depression, and anxiety.   See SAC at ¶s 24, 36, 63-64, 67, 83, 113.   One of Plaintiff's purported experts – Maisano – also asserts that Cole caused "Stockholm Syndrome," which she wrongly describes as a "form" of PTSD.   (Doc. 56 at 6-7).

---

[5] In reality, Plaintiff's allegations against Cole simply follow the script that she established with at least one of her prior husbands, Walter Glover.  As Mr. Glover explained during his deposition, Plaintiff would have a mental health "episode" during which she would become violent, and then call the police to falsely accuse her husband/boyfriend of domestic violence.  Glover Dep. at 47:9-68:11, 75:20-86:21.  This was all part of Plaintiff's formula of escalation to get the attention that she craves.  Id. at 87:9-89:18.

Yet none of these alleged psychological conditions is "readily observable."  Indeed, all of them – PTSD (and its supposed "forms"), in particular – are medical diagnoses that require scientific, technical or other specialized knowledge within the scope of Fed. R. Evid. 701 and 702.  As such, a lay witness cannot offer testimony on the cause of these alleged conditions, and expert testimony on medical causation is required.  See Rivera, 711 F. App'x at 954-55 (explaining that expert medical testimony on medical causation is required for anxiety and depression); Harrell v. Carnival Corp., 2021 WL 6927557, at *4 (S.D. Fla. Dec. 3, 2021) (PTSD, depression and anxiety are "non-readily observable" injuries, so expert medical testimony required to show that fall caused it, and granting summary judgment to defendant on plaintiff's claims based upon non-readily observable injuries) (quoting Allison v. McGhan Med. Corp., 184 F.3d 1300, 1320 (11th Cir. 1999)); Aponte v. Royal Caribbean Cruises, Ltd., 2019 WL 943267, at *3 (S.D. Fla. Feb. 26, 2019) (granting partial summary judgment to defendant where the plaintiff's alleged injuries – including PTSD, depression and chronic pain syndrome – were not "readily observable" and thus required expert testimony as to causation).

So absent competent expert testimony showing that Cole's alleged domestic violence actually caused Plaintiff's purported psychological injuries – including her supposed PTSD – she necessarily cannot show proximate cause.

**B.    *Plaintiff Failed to Muster Any Admissible Expert Testimony on Causation.***

Despite the absolute necessity for it, there is simply no admissible expert testimony in the record showing that Cole caused any of Plaintiff's psychological problems/non-readily observable injuries.  In her expert disclosure, Plaintiff identified three (3) experts

that she intends to rely upon for causation: (a) Maisano, (b) Dr. Klein, and (c) Dr. Furbringer.  <u>See</u> (Doc. 56).

First up is Maisano.  In her skeletal expert "report," Maisano purports to opine that Cole caused Plaintiff's "Stockholm Syndrome," which Maisano wrongly describes as a "form" of PTSD.  But as detailed in the Maisano <u>Daubert</u> Motion, there are multiple reasons why Maisano must be precluded from offering any evidence in this action.  <u>See</u> (Doc. 75).  On the most basic procedural level, Maisano must be excluded as a witness under Fed. R. Civ. P. 37 because her supposed expert "report" violates nearly every mandatory disclosure requirement of Rule 26(a)(2)(c).  Among other things, Maisano provides no methodology whatsoever for her summary conclusion that Cole caused Plaintiff's purported psychological injuries, much less specifies the "facts or data" considered by her in reaching that speculative conclusion.  <u>See id.</u> at 9-12; Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

Nor does Maisano come anywhere close to satisfying the requirements of Fed. R. Evid. 702 or <u>Daubert</u>.  Among myriad other fatal flaws, Maisano – who relies solely upon her experience as a registered nurse – is simply unqualified to diagnose PTSD and/or Stockholm Syndrome, let alone opine on the medical cause of those mental health disorders.  Moreover, her causation opinion is fundamentally unreliable, as (a) she failed to employ any recognized or testable methodology, and (b) it is based entirely upon the temporal proximity between when Plaintiff supposedly started taking medications, and her relationship with Cole.  But temporal proximity is insufficient as a matter of law to show medical causation for alleged non-observable injuries especially when, as here, there is

affirmative expert testimony refuting Plaintiff's theories of medical harm.[6]  See Guinn v. AstraZeneca Pharms. LP, 602 F.3d 1245, 1254 (11th Cir. 2010) ("Temporal proximity is generally not a reliable indicator of a causal relationship."); Wingster, 318 F. App'x at 815. Relying upon temporal proximity becomes even more unreliable when, as here, a plaintiff has preexisting conditions. Chapman v. Proctor & Gamble Distrib., LLC, 766 F.3d 1296, 1309-10 (11th Cir. 2014); see infra at 12.  That leaves Dr. Klein and Dr. Furbringer as the only remaining experts who can possibly provide the medical causation testimony essential to Plaintiff's claims for psychological damage.

*The problem for Plaintiff is that both Dr. Klein and Dr. Furbringer squarely testified during their respective depositions that they cannot state that Cole caused Pam's alleged mental health disorders.*

As for Dr. Klein, he temporarily "treated" Plaintiff in 2021 as a stop-gap measure merely to fill her prescriptions after Plaintiff's primary care provider retired. Klein Dep. at 16:5-17:5. Plaintiff *self-reported to Dr. Klein* that she had PTSD, Attention Deficit Hyperactive Disorder and Stockholm Syndrome.[7]  Dr. Klein, however, admitted during his deposition that he administered no tests to determine whether she actually had those

---

[6] The temporal proximity notion is also factually wrong because it is based solely upon Maisano's superficial review of the extremely limited universe of records hand-selected and provided to her by Plaintiff.  This unsupported proximity conclusion – while already unreliable as a matter of law – is thus even worse because it is based upon insufficient facts or data under Rule 702.

[7] Dr. John B. Hudson, MD was the original source of Plaintiff's purported PTSD diagnosis.  Even though Dr. Hudson was not disclosed as an expert in this action for any purpose – and never offered any report – he too admitted during his deposition that he (a) never administered any test to Plaintiff to determine whether she had PTSD, (b) actually referred Plaintiff to Dr. Furbringer to determine whether PTSD testing was necessary, and (c) cannot testify that Cole caused Plaintiff's purported PTSD.  See Hudson Dep. at 81:7-82:11, 83:9-84:4.  Dr. Hudson explained during his deposition that he never administered any diagnostic tests to determine the cause of Plaintiff's supposed PTSD; instead, when it comes to PTSD, Dr. Hudson simply evaluates whether a patient should be referred to a specialist. Id. at 90:11-91:12. Here, Dr. Hudson punted to Dr. Furbringer, who confirms that she too made no causation determination.

conditions.  Id. at 18:25-19:20.  Dr. Klein never even received, or reviewed, Plaintiff's prior medical records.  Id. at 25:18-26:18.[8]  Moreover, he did not establish any causal link between Plaintiff's alleged mental health problems and any particular trauma or traumatic event, including her relationship with Cole or any events involving him.  Id. at 21:21-22:2. Indeed, Dr. Klein does not even know who Cole is, and Plaintiff never told him that Cole supposedly "abused" her.  Id. at 17:22-25, 36:16-20.  As such, ***Dr. Klein admitted that he cannot testify that Cole caused Plaintiff's alleged mental health conditions because he has no basis for doing so***.  Id. at 74:1-10.

That is two (2) proffered experts down, leaving Dr. Furbringer as the only remaining disclosed witness who can potentially provide Plaintiff with the necessary expert testimony she needs on medical causation.

But like Dr. Hudson, Dr. Furbringer already admitted during deposition that she cannot state that Cole caused Plaintiff's alleged mental health problems.  Dr. Furbringer is a psychotherapist specializing in sex offender treatment.  See Furbringer Dep. at 11:5-14.  During her deposition, Dr. Furbringer recognized that Plaintiff has led a life full of traumatic events that could be the (real) underlying reasons for Plaintiff's purported mental health issues.  But identifying the cause of Plaintiff's mental health problems was not part of her treatment of Plaintiff.  Indeed, Dr. Furbringer never analyzed what actually caused Plaintiff's alleged mental health conditions.  Id. at 110:18-112:6, 187:19-189:18. No wonder, then, that ***Dr. Furbringer squarely admitted that she cannot testify about***

---

[8] Dr. Klein also testified that he would not be the right person to give a second opinion on Plaintiff's alleged conditions – i.e., qualified to diagnose her alleged non-observable injuries – because he is not a psychiatrist. See Klein Dep. at 76-84.

***who or what caused Plaintiff's alleged mental health problems***.  <u>See</u> <u>id.</u> at 164:18-23, 184:3-185:14.[9]

Three up; three down.  Plaintiff thus has none of the expert testimony needed to establish the essential element of causation for her alleged psychological injuries – none of which are readily apparent to a lay person.  That failure is fatal to her claims that Cole allegedly caused her PTSD, Stockholm Syndrome, depression, anxiety and any other mental malady that she wants to try to (falsely) pin on him.

And that already-dispositive failure takes on even greater significance given the evidence in the record of Plaintiff's pre-existing mental disorders.  <u>See</u> <u>Rivera</u>, 711 F. App'x at 955 (explaining that expert testimony is also necessary to distinguish between pre-existing ailments and those experienced after the alleged tortious conduct).  Here, there is admissible evidence in the record from actual experts that Plaintiff has Antisocial Personality Disorder ("APD").  Both the independent medical expert appointed by the Court (Dr. Tonia L. Werner, MD), and the expert psychiatrist retained by Cole (Dr. Lawrence Amsel, MD), diagnosed Plaintiff with APD.  And both experts concluded that Plaintiff's APD was not attributable to Cole because APD is generally genetic in origin or the product of early-life environments and influences.  <u>See</u> <u>Werner Report</u> at 18-20; <u>Amsel Report</u> at 45-46.[10]  Moreover, one (1) of Plaintiff's four (4) former husbands also testified about Plaintiff's pre-Cole history of substance abuse, and suffering from

---

[9] It bears mentioning that Dr. Furbringer also testified that she never diagnosed Plaintiff with Stockholm Syndrome, and is not qualified to do so in the first place.  <u>See</u> <u>Furbringer Dep.</u> at 189:19-190:11.

[10] On August 25, 2022, the Werner Report and the Amsel Report were filed under seal pursuant to this Court's Order.  <u>See</u> (Doc. 72, entered Aug. 24, 2022).  Plaintiff's APD caused or contributed to a litany of self-inflicted traumas that predated Cole, such as early childhood drug use, teen pregnancy, at least four (4) divorces, an extensive litigation history and drug/alcohol abuse as an adult.  Against this scattergun background of lifetime traumas, it is impossible – if not risible – for Plaintiff to actually show that Cole "caused" her woes in the last few years.  <u>See</u> Werner Report at 15-17.

depression and anxiety (among other mental health problems).  <u>Glover Dep.</u> at 15:9-19:21. Plaintiff thus has no expert testimony showing that (a) Cole caused her purported mental conditions, and (b) distinguishing between her pre-existing ailments and the supposedly Cole-related ailments.

With (a) Maisano properly and necessarily excluded under Fed. R. Civ. P. 37 and <u>Daubert</u>, and (b) Dr. Klein and Dr. Furbringer expressly disclaiming any ability to testify that Cole caused Plaintiff's alleged mental health disorders, there is zero competent expert testimony in the record establishing the necessary causal connection between Cole and Plaintiff's non-readily apparent injuries.  Cole is thus entitled to summary judgment on those portions of Plaintiff's clam.  <u>Harrell</u>, 2021 WL 6927557, at *4; <u>Aponte</u>, 2019 WL 943267, at *3.[11]

## III.     Conclusion.

For all of the foregoing reasons, Cole respectfully requests that the Court enter an Order granting him partial summary judgment on Plaintiff's claims of psychological harm, and that the Court award Cole any other relief that the Court deems just and necessary under the circumstances.

---

[11] With Plaintiff's claims for purported psychological harm rightly eliminated, all that remains of Plaintiff's case is an unfortunate garden variety domestic dispute about simple battery.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 1st day of September, 2022, I electronically filed the foregoing **Defendant's Motion for Partial Summary Judgment** with the Clerk of the Court by using the CM/ECF system, which will send an electronic copy to the following:

> Duncan G. Byers, Esquire
> Patten, Wornom, Hatten &
> Diamonstein, L.C.
> 12350 Jefferson Avenue, Suite 300
> Newport News, Virginia 23602
> Email: dbyers@pwhd.com
>         cveals@pwhd.com
> *Counsel for Plaintiff*

> **GREENBERG TRAURIG, P.A.**
> 450 South Orange Avenue, Suite 650
> Orlando, Florida 32801
> Telephone:   (407) 420-1000
> Facsimile: (407) 420-5909
> Email: spiveyw@gtlaw.com
>         bakerco@gtlaw.com
>         nef-iws@gtlaw.com
>         FLService@gtlaw.com
> *Counsel Defendant Bryan A. Cole*
>
> By: */s/ I. William Spivey, II*
>     I. William Spivey, II, Esquire
>     Florida Bar No. 701076
>     Colin S. Baker, Esquire
>     Florida Bar No. 0066352