IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAMELA R. MATHEWS,

    Plaintiff,

v.                                          Case No.: 6:21-cv-00808-WWB-EJK

BRYAN A. COLE,

    Defendant.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, Pamela R. Mathews ("Mathews") by and through her undersigned counsel and for her Motion in opposition to Defendant's Motion for Summary Judgment ("MSJ") (Dkt. 76) states as follows.

**I.    INTRODUCTION**

It is important to note in analyzing Cole's MSJ that while Cole has filed a Motion to Exclude the expert opinion of Mathews' expert Dr. Patricia Maisano (Dkt. 78) Cole has not moved the Court to exclude the opinions of either of Drs. Furbringer or Klein. Cole argues that Furbringer and Klein are wrong in their opinions, but has not asked the Court to exclude or limit their testimony and as such for the purposes of his MSJ has conceded the point.

**II.    ARGUMENT**

Defendant's Motion for Summary Judgment (the "MSJ") fails in essential ways.

First, the MSJ relies upon attacks upon Plaintiff's expert testimony prior to the Court having considered or ruled Defendant's Motion to Exclude (although fully briefed at

this time). Defendant argues that the "supposed [cumulative] causation evidence . . . is [not] actually competent or admissible." Dkt. 76, p. 4.

Second, even if the Court were to agree that procedurally a MSJ premised upon the exclusion of an expert when that Motion to Exclude is still pending before the Court, Defendant has failed to move to exclude the testimony of either of Plaintiff's remaining experts. Defendant appears to presume that because two of Plaintiff's identified experts have not provided written reports that the proffer of them as experts fails out of hand and that presumption may be used as the basis for his MSJ. That position is unsupported by law and procedure.

A. **The Court Should Disregard Cole's Expert Testimony and/or Report Evidence in Support of His Motion.**

Cole relies upon disparities between the opinions of Mathews' experts and the independent medical examiner ("IME") and Cole's retained expert, Dr. Lawrence Amsel ("Amsel"). Cole appears to argue that since the experts relied upon by Mathews are of the opinion that she is suffering from Post-Traumatic Stress Disorder ("PTSD") and/or Stockholm Syndrome, but the IME and Amsel opine that Mathews has Antisocial Personality Disorder, the opinions of IME and Amsel (in conjunction with testimony of a former spouse of Mathews who admitted to assaulting her) must be presumed to be correct.

Mathews is unaware of any authority for Cole's position in this regard. Dueling expert opinions necessarily preclude a grant of summary judgment at least as to those opinions. "In general, the 'grant of a motion for summary judgment is often inappropriate where the evidence bearing on crucial issues of fact is in the form of expert opinion

testimony.'" *In re Kane v. Kane*, 479 B.R. 617, 630 (S.D. Fla. 2012). *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1306 (Fed. Cir. 2011) ("It is decidedly the jury's role to evaluate the weight to be given to the testimony of dueling qualified experts."). There is a narrow exception to this rule - "'when a party opposing summary judgment fails to present evidence sufficient to make an issue of an expert's conclusions—such as contrary opinion evidence or evidence tending to undermine the expert's credibility or qualifications—and when 'the trier of fact would not be at liberty to disregard arbitrarily the unequivocal, uncontradicted, and unimpeached testimony of an expert witness,' expert testimony may form the basis of summary judgment.'" *In re Kane v. Kane*, 479 B.R. at 630. (internal citations omitted). That exception clearly does not apply here where the experts disagree as to diagnosis and causation.

And all "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1315 (11th Cir. 2007) (internal citations omitted). Finally, a plaintiff is not required to rebut a defendant's alternative theory of causation with expert testimony of her own.

The Court should therefore disregard any of Cole's expert opinion testimony and/or reports given in support of his Motion.

B. **Mathews' Experts Drs. Klein and Furbringer Are Not Required to Provide Written Reports.**

Cole also leans on the notion that no expert reports were provided by Dr. Klein and Dr. Furbringer. This court has noted that witnesses not specifically retained to serve as experts do not need to provide a written report, citing to Fed. R. Civ. P. 26(a)(2)(C) and the Advisory Committee Notes to the Rule which state in part that

> "A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present."
> *Sweat v. United States*, 2015 WL 8270434, *2 (M.D. Fla. Dec. 8, 2015).

Dr. Furbringer was not retained as an expert (and was not asked the question by Cole at her deposition) but had Mathews referred to her for treatment. Furbringer Deposition 27:9 – 21 (attached herein as Exhibit 1). Dr. David S. Klein was a treating physician of Mathews beginning on March 29, 2021. Klein Deposition 16:6 – 14 (attached herein as Exhibit 2). Dr. Klein was not retained as an expert witness, but had Mathews referred to him for treatment by Dr. Furbringer. Klein Depo. 16:6 – 17:2.

As a result, Drs. Furbringer and Klein were not required to provide the written reports required of experts hired as testifying experts.

C. **Cole's Arguments Regarding Causation.**

Other than Cole's misplaced reliance upon his expert opinions and attacks on the weight and sufficiency of Mathew's experts' testimony and opinions, the central theme of

Cole's Motion is that Mathews has no experts that can testify as to causation, and that his Motion for Summary Judgment should therefore be granted.

"To the extent that evidence conflicts at summary judgment, the district court has an obligation to 'view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.' If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988) (*citing Augusta Iron & Steel Works, Inc. v. Employers Ins. Of Wausau*, 835 F.2d 855, 856 (11th Cir.1988)).

Cole has also pointed to nothing that could be a concurring cause – all he proposes is that since his experts deny that she has PTSD, that is sufficient for summary judgment.

1. **Dr. Furbringer can testify not just as to her treatment of Mathews, but as to causation as well.**

Dr. Furbringer treated Mathews. Dr. Furbringer's diagnosis of Mathews is not hypothetical – it based upon her Dr. Furbringer's personal experience and observations of Mathews during treatment.  Dr. Furbringer was not and is not required to provide any written report and "because a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the *cause* of the plaintiff's injuries, opinions as to the cause of injuries do not require a written report if based on their examination or treatment of the patient." *Brown v. Best Foods*, 169 F.R.D. 385, 388-89 (N.D. Ala. 1996) (emphasis added).

2. **Dr. Furbringer's testimony as to the diagnosis and source of Mathews' PTSD.**

Mathews was referred to Dr. Furbringer by Dr. John B. Hudson with a diagnosis of PTSD. Dr. Furbringer confirmed that diagnosis and *the source of the PTSD*, stating that "[t]he first several sessions were dedicated to confirming her diagnosis and its source while building rapport with her, and during this period, I concluded that Dr. Hudson's diagnosis about the source of her PTSD was accurate." Furbringer Depo. 27:6 – 27:21. (emphasis added).

3. **Dr. Furbringer's testimony as to causation.**

Dr. Furbringer testified extensively about the abuse and control used against Mathews by Cole. Furbringer Depo. 205:16 – 216:11. Dr. Furbringer also testified that she interpreted Mathews's fixation on financial stability as a means to protect herself in the relationship with Cole. Furbringer Depo. 218:22 – 219:6. She further testified that the email purportedly sent from Mathews to Cole absolving him from responsibility, if she actually wrote it, was the type of behavior that she would exhibit if she were trying to protect herself or restore the relationship. Furbringer Depo. 219:7 – 19. Dr. Furbringer testified that she recognized no signs of alcohol abuse by Mathews prior to Mathews' relationship with Cole. Furbringer Depo. 222:24 – 224:23. There was no indication that Mathews used or abused alcohol or drugs prior to her relationship with Cole and, more particularly, prior to her seeing Dr. Furbringer for treatment.

4. **Dr. Hudson's Testimony as to Diagnoses and Causation.**

Dr. John B. Hudson, Mathews' treating physician, testified that as a result of his treatment of Mathews he diagnosed her possibly as suffering from PTSD. He also

testified directly as to causation in that "it was fairly obvious [Mathews] was under a lot of stress after the trauma." Hudson Depo. 121:20 – 122:4 (Attached herein as Exh. 3). That trauma being "an incident with the breakup from boyfriend, and some issues that occurred during the relationship." Hudson Depo. 121:21 – 23.

**5. Dr. Klein's Testimony as to Diagnosis and Causation.**

Dr. David S. Klein, in the course of his treatment of Mathews, evaluated Mathews for PTSD, ADHD, and Stockholm Syndrome. Klein Depo. 20:10 – 23. He did so in the context of reviewing Mathews' prescriptions for correct use and dosage. *Id*. Dr. Klein did note that he took the referral from Dr. Furbringer on the basis that Mathews suffered from PTSD and that there had been an abusive relationship, Klein Depo. 76:11 – 17, but saw nothing to contradict that treatment based upon his clinical visits with Mathews or with the medicine regimen that Mathews was on and that he continued.

**6. Dr. Maisano's Testimony as to Diagnosis and Causation.**

Cole does not contend that Dr. Maisano does not testify as to the causal link between Cole's abuse of Mathews and her subsequent harm. Cole's challenge to Dr. Maisano's opinion is based upon weight and sufficiency, not that Dr. Maisano did not opine as to the causal link between Mathew's harm and Cole's actions. Dr. Maisano did, in fact testify that based upon a review of Mathews medical records and determined that there was nothing to show that Mathews' PTSD predated her relationship with Cole that there was no question that the PTSD did not exist before February 12, 2017. Deposition Testimony of Dr. Patricia Maisano, 80:23 – 81:2, attached herein as Exhibit 3. She based that opinion on her review of the medical records and the medications prescribed to Mathews used to treat the symptoms of PTSD.

### 7. Mathews' Own Lay Testimony is Sufficient to Establish Causation.

Even if the Court agreed with Cole on all points related to Drs. Maisano, Hudson, Furbringer, and Klein, that still is insufficient for Cole to be granted summary judgment on the issue of causation because Mathews may establish causation through her own lay testimony. The physical and emotional assaults by Cole against her caused her mental injury, and her own testimony to that effect is admissible and sufficient to establish causation. *See, e.g., In re American Airlines Flight 331*, 2013 Wl. 12340393, * 3 (S.D. Fla. Sept. 3, 2013).

Mathews clearly states that Cole is the source of her harm. In just two examples, she testified that he caused her PTSD. Transcript of Deposition of Pamela R. Mathews, 120:1 – 5 (attached as Exhibit 4), and the physical and psychological harm caused by him caused her to incur medical expenses. *Id*. at 188:8 – 11.

### D.    Cole's Caselaw Reliance is Misplaced.

Cole relies upon a number of cases for the proposition that expert testimony is required to establish causation in this case. Every single case relied upon by Cole, however, is inapposite to the case at bar and is distinguishable. They are related to:

- Medication causing infection (*Small v. Amgen, Inc.*, 2017 WL 5444003 (M.D. Fla. Mar. 22, 2017)

- Heart disease and diabetes caused by aircraft accident (*Jacob v. Korean Air Lines Co.*, 606 F. App'x 478, 481 (11th Cir. 2015)

- Affirming summary judgment after exclusion of plaintiff's sole expert that medication caused weight gain and diabetes (*Guinn v. AstraZeneca Pharma. LP*, 602 F.3d 1245 (11th Cir. 2010)

- Battery caused aneurysm (*Wingster v. Head*, 318 F.App'x 809 (11th Cir. 2009) (and in contradiction to Cole's assertion in n. 4 in his Motion, Dkt. 78, the *Wingster* case does not stand for the proposition that a plaintiff cannot use temporal proximity to negate the need for expert testimony; rather, the court stated that temporal proximity alone did not refute the defendant's expert opinion as to the cause of the aneurysm)

- Assault causing stillbirth (*Arquette v. Eslinger*, 2010 WL 11623669 (M.D. Fla. Feb. 10, 2010)

- Claims of physical injuries (*In re Am. Airlines Flight 331*, 2013 WL 12340397 (S.D. Fla. Oct. 24, 2013) (but also distinguishing the claims at bar from personal lay testimony as to personal perceptions of his own physical or emotional state)

- Stroke alleged to have been caused by malpractice (*In re Trasylol Prod. Liab. Litig.*, 2013 WL 3353833 (S.D. Fla. July 3, 2013)

- A case that does not stand for the proposition proposed by Cole, but merely at the referenced citation in a footnote, the court quotes directly from another case "expound[ing] on the various types of psychologists" (*Leblanc v. Coastal Mechanical Services, LLC*, 2005 WL 5955027, n. 1, S.D. Fla. Sept. 7, 2005)

- Proximate cause under 42 U.S.C. § 1983 for false arrest and excessive force (*Whitehead v. City of Bradenton*, 2015 WL 1810727 (M.D. Fla. April 20, 2015)

- Physical ailments before a fall and those after and due to a fall (*Rivera v. Royal Caribbean Cruises, Ltd.*, 711 Fed.Appx. 942 (11th Cir. 2017)

- Injury from door striking head (*Goncharenko v. Royal Caribbean Cruises, Ltd.*, 734 Fed.Appx. 645 (11th Cir. 2018)

- Extensive prior history of depression, anxiety, neck and back pain, and chronic pain syndrome to distinguish from injuries due to shipboard fall (*Aponte v. Royal Caribbean Cruises, Ltd.*, 2019 WL 943267 (S.D. Fla. Feb. 26, 2019)

- Scooter provided by a cruise ship that was "much faster" and "bigger" than plaintiff's personal scooter fell over on plaintiff (*Conden v. Royal Caribbean Cruises, Ltd.*, 2021 WL 4973533 (S.D. Fla. June 21, 2021)

- A slip and fall on a cruise ship where the plaintiff complained of a combination of physical and non-physical injuries (*Harrell v. Carnival Corporation*, 2021 WL 6927557 (S.D. Fla. Dec. 3, 2021) (lumping depression, PTSD, and anxiety in with a fractured or sprained ankle, nerve damage, and chronic pain syndrome).

III.  CONCLUSION

For the reasons stated herein, Plaintiff respectfully submits that Cole has failed to show that there are no material facts in dispute in this case that would warrant judgment in favor of Defendant.  Even more importantly, Mathews has shown that she has factual evidence sufficient to show causation to the Court and, ultimately to the jury as the finder of fact.

WHEREFORE, Plaintiff respectfully request that this Court deny Defendant's Motion for Summary Judgment.

Dated: October 3, 2022

          Respectfully submitted

          /Duncan G. Byers/
          Duncan G. Byers, Esquire
          Virginia Bar No. 48146
          Admitted *Pro Hac Vice*
          PATTEN, WORNOM, HATTEN
           & DIAMONSTEIN, P.C.
          12350 Jefferson Avenue, Ste 300
          Newport News, VA 23602
          Email: dbyers@pwhd.com
                 cveals@pwhd.com
          Tel: (757) 223-4500
          Fax: (757) 249-1627
          *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify the on this 3rd day of October, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide electronic notice to the following:

William Spivey, II, Esquire
Colin S. Baker, Esquire
GREENBERG TRAURIG, P.A.
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
Email: spiveyw@gtlaw.com
bakerco@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com
*Counsel Defendant Bryan Cole*

          /Duncan G. Byers/
          Duncan G. Byers, Esquire
          Virginia Bar No. 48146
          PATTEN, WORNOM, HATTEN

 & DIAMONSTEIN, P.C.
12350 Jefferson Avenue, Ste 300
Newport News, VA 23602
Email: dbyers@pwhd.com
       cveals@pwhd.com
Tel: (757) 223-4500
Fax: (757) 249-1627
*Counsel for Plaintiff*