# TONI FURBRINGER PHD., LCSW

711 Ciara Creek Cove
Suite 1001
Longwood, FL 32750

heartwork@1791.com
321-277-5925
heartworktherapy.com

## CLINICAL EXPERIENCE

### 1995-present  Psychotherapist, Heartwork, Longwood, Florida

Assessed and evaluated clients, self referred, as well as involuntary clients referred by state, federal and local agencies for services in the areas of mental health, violence, substance abuse and sexual compulsions/offenses. Conducted adult and adolescent individuals, groups, couples, and family therapy pertaining to a variety of issues including domestic and sexual violence.

Developed and implemented psycho-educational programs for use within the correctional system;

Trained professionals for state and federal agencies

Supervised MSW clinical students for UCF and other local colleges

Supervised candidates for LMHC and LCSW licensure

Expert Witness on Sexuality, Orange, Seminole, Polk, Lake, Volusia, Brevard and Palm Beach counties.

Completed Psychosexual Evaluations, AASI testing, Safety plans and Risk Assessments

### 1993-1995   Assistant Director and Clinical Supervisor, The Grove Counseling Center, Adolescent Residential Treatment, Winter Springs, Florida

Coordinated, trained and supervised all clinical staff in the treatment of 28 adolescents in a long term residential facility for substance abuse. Provided individual, group and family therapy to clients as well as clinical supervision of therapists and behavioral staff.

Developed and implemented programs based on best practices at that time.

Trained clinicians for various agency programs.

Trained affiliated agency staffs.

Δ Ex. 1

**1988-1993 Clinician, Private Practice/Charter Counseling Center, Columbia, SC**

Provided assessments and psychotherapy for individuals, groups, couples and families, also weekend re-treats, workshops, and seminars on addictions (personal and corporate), loss/ grief, transitions, communication skills, goal setting, journaling, creative process, spirituality, community building and corporate team building. Served as a member of the Intervention Team for families with substance abuse.

## EDUCATION

2003 Maimonides University/American Academy of Clinical Sexology, PhD

1988 University of South Carolina, MSW        WHAT DID SHE DO?.

1978 University of South Carolina, BA

## PROFESSIONAL ORGANIZATIONS

Member, National Association Of Social Workers, NASW

Clinical Member, Association for Treatment of Sexual Abusers, ATSA

Member, International Association for EMDR, EMDRIA

Member, Florida Coalition Against Domestic Violence, FCADV

Diplomate, The American Board Of Sexology, ABS

Clinical Member, Society for the Advancement of Sexual Health, SASH

Professional Member, Mental Health Association of Central Florida

## PRESENTATIONS

- Sexuality, A Family Affair (incest)-Conducted by Toni Furbringer for DCF, 2010.

  Violence, Roots in the Family-presentation for class on Serial Killers, Daytona State College, 2009.

- Sex Offenders, A Quiet Violence-Conducted by Toni Furbringer for DCF and Florida State Probation, 2006 to 2009.

  Risk Assessment of Federal Clients-Conducted by Toni Furbringer for Federal Probation Officers, 2007.

- Intimate Partner Violence- EAP-Conducted by Toni Furbringer for Federal Probation Regional Conference, 2007.

- Treating Sexual Offenders – Conducted by Toni Furbringer at the Florida Council for Community Mental Health and the Florida Psychiatric Rehabilitation Association's Conference, 2006.

Pedophiles, Predators and Sexual Sadists – Conducted by Toni Furbringer at Seminole County Child Protection Conference, December 6th – 9th 2005.

Sex Offenders, A Quiet Violence-Conducted by Toni Furbringer for Volusia County Probation Officers. 2003

A Quiet Violence: Sexual Violence Perpetrators-Conducted by Toni Furbringer for Tulane School of Social Work; October 2002

Domestic Violence Perpetrators: What have we learned and are our families safer? -Conducted by Toni Furbringer for Tulane School of Social Work; October 2002

Sex Offenders: Treatment in the Community – Conducted by Toni Furbringer for the Florida Council for Community Mental Health' "Strengthening Our Communities Workshop", 2002.

Personality Characteristics of Sex Offenders; Differences of Personality Traits Among Sex Offenders in Regards to the Age of Their Victims and the Type of Crime.  Presented by Toni Furbringer and Cassi Renzi, June 20, 2002, Luneburg, Germany

Dual Diagnosis – Instructed by Toni Furbringer at the Stewart-Marchman Center for Chemical Dependency, 2001.

Domestic Violence – Instructed by Toni Furbringer at the Stewart-Marchman Center for Chemical Dependency, 2001.

## CONTINUING EDUCATION, SEMINARS AND TRAININGS

2014  "Best Practicing for Addressing Sexual Harm by Youth" ; Resources for Resolving Violence Joann Schladale, MS, LMFT. 40 classroom hours, December 2013

2013 Treatment and Management of Individuals on the Autism Spectrum, who have Offended Sexually. Florida Association for the Treatment of Sexual Abusers; May 2013, 6 CEUS

2012 Annual SAIN Conference; "Attachment, Complex Trauma and Process Addictions" by the Hillsborough County Sexual Abuse Intervention Network, 7 CTUs, June 15, 2012.

IITAP, "Certified Sex Addiction Therapist Training: Module 4 of 4", by Patrick J. Carnes Ph. D. for 30 CEUs, May 30th – June 3rd, 2012.

CSAT Certification training, 10 hours of supervision toward the title of "Certified Sexual Addiction Therapist" by Pine Grove Behavioral Health, February 10th – 12th 2012.

23rd CHADD Annual International Conference on ADHD, completed 8 workshops to total 13.5 CEUs, November 10th – 12th 2011.

IITAP, "Professional Improvement Program" by Patrick, J. Carnes Ph.D. for 18 CEUs, June 4, 2011.

Professional Development Resources, "Domestic Violence – Intimate Partner Violence", by Center for Disease Control and Prevention, 2 CEUs, March 26, 2011.

IITAP, "Certified Sex Addiction Therapist Training: Module 3 of 4", by Patrick J. Carnes, Ph.D. for 30 CEUs, August 24th – 27th  2010.

IITAP, "Certified Sex Addiction Therapist Training: Module 2 of 4", by Patrick J. Carnes, Ph.D. for 30 CEUs, February 10th – 14th, 2010.

IITAP, "Certified Sex Addiction Therapist Training: Module 1 of 4", by Kenneth M. Adams Ph. D. for 30 CEUs, September 16th – 20th, 2009.

NREPP, "Moral Recognition Therapy", 32 hours, July 2, 2009

24th Annual NAPN Conference, "Setting the Record Straight: dispelling the Myths about Juvenile Sexual Offending", by Kempe Center, University of Colorado School of Medicine, 20 CEUs, May 17th – 19th, 2009

Professional Development Resources, "Ethics & Boundaries in Psychotherapy", by Leo Christie, Ph. D., 3 CEUs, March 10, 2009

SCPBSP, *Third Year Basic Training PBSP: Third Weekend, 18 CEUs, May 2nd – 4th, 2008*

Hillsborough County Sexual Abuse Intervention Network and Florida Association for the Treatment of Sexual Abusers, "Preventing Sexual Abuse: Advances in the Evaluation and Treatment of Youthful and Adult Sexual Abusers", by Florida Board of Clinical Social Work, Marriage and Family Therapy and Mental Health Counseling, March 27-28, 2008.

SCPBSP, Third Year Basic Training PBSP: Second Weekend, 18 CEUs, February 8th – 10th, 2008

Institute for Natural Resources, "Brain Fitness After Thirty", by Richard S. Colman Ph. D., 6 CEUs, January 4, 2008.

SCPBSP, Third Year Basic Training PBSP: First Weekend, 18 CEUs, November 9th – 11th, 2007.

DCF, "Batterer Intervention Certification Minimum Standards", September 14, 2007.

SCPBSP, Third Year Basic Training PBSP: First Week, 36 CEUs, August 5th – 10th, 2007.

SCPBSP, Second Year Basic Training PBSP: Third Weekend, 18 CEUs, May 4th – 6th, 2007.

Favorhouse of Northwest Florida, Inc., "Working With Women Offenders of Domestic Violence", by Marsha Travis, Vanessa Francis, 12 CEUs, February 15th & 16th, 2007.

SCPBSP, Second Year Basic Training PBSP: Second Weekend, 18 CEUs, February 9th – 11th, 2007.

American Academy of Clinical Sexologists, Completed 24 CEUs, November 17th – 19th, 2006.

SCPBSP, Second Year Basic Training PBSP: First Weekend, 18 CEUs, November 3rd – 5th, 2006.

Cross Country Education, "Treating Compulsive Sexual Behaviors", in Daytona Beach, FL on October 18, 2006.

Cross Country Education, "The Mentally Ill Offender: Assessment and Treatment Using Forensic Psychological Skills", in Orlando, FL on September 20, 2006.

DCF, "Assessors and Batterers Intervention Programs", August 21, 2006

SCPBSP, Second Year Basic Training PBSP: First Week, 36 CEUs, August 6th – 11th, 2006.

SCPBSP, First Year Basic Training PBSP: First Week, 36 CEUs, July 2nd – 7th, 2006.

NICABM, "Mindfulness & Psychotherapy", by Ron Siegel, PsyD., 6 CEUs, June 22, 2006.

Hubbard House, "In Her Shoes: Looking at Economic Justice from the Survivor Perspective", 1 CEU, May 17, 2006.

Hubbard House, "If It's Not Healthy, It's Not Safe: Responding to Domestic Violence Issues within Healthy Marriage Programs", 1.5 CEUs, May 17, 2006.

Hubbard House, "Radical Imagination for Social Change", 1.5 CEUs, May 17, 2006.

PESI, "Overcoming Anxiety, Anger and Depression Through the Path of Mindfulness", by Terry Fralich, LPC, 6CEUs, May 12, 2006

SCPBSP, First Year Basic Training PBSP: Third Weekend, 18 CEUs, May 5th – 7th, 2006.

Beyond The Divide, "Seeking Equality – Taking Action", by Statewide Annual Training Institute, May 17th & 18th, 2006.

NASW, "Do the Right Thing: Boundary Issues", by Karen Keroack, LCSW & Chris Houston, LCSW, CAAP, 3 CEUs, March 2, 2006.

SCPBSP, First Year Basic Training PBSP: Second Weekend, 18 CEUs, February 10th – 12th, 2006.

FBCSW, "Accountability of Batterers Intervention Programs", Altamonte Springs, FL, 6 CEUs, February 9, 2006.

FBCSW, "Diversified Perspectives on Batterers Programs Accountability", Altamonte Springs, FL 3 CEUs, February 8, 2006.

New England Forensic Associates, "Association for the Treatment of Sexual Abusers 24th Annual Research & Treatment Conference", 12 CEUs, November 19, 2005.

DCF, "Imagining Peace, Envisioning Non-Violence, Transforming Society", DCF Annual Conference, May 18th – 19th, 2005.

Hubbard House, Statewide FCADV Annual Conference, Orlando, FL, "A Framework for Deconstructing Violence, Life After the Abuse, War Against the Family, Popular Education for Social Change, The Experience of Domestic Violence in the Hispanic Community, Plenary: Male Accountability to Ending Violence Against Women & Remembering What We Are Doing", 9 CEUs, May 18th – 19th 2005.

EMDR, "Eye Movement Desensitization and Reprocessing", Part Two of the EMDR Basic Training by Roger Solomon, PhD, 17 CEUs, April 15th – 17th, 2005.

FavorHouse, "Effectiveness of Batterers' Intervention Programs", by Robert Wright, Ph.D., 3.5 CEUs, February 18, 2005.

FORS, ""Healing Attachment Injuries & Trauma PBSP: A Mind/Body Approach, by Albert Pesso, 6 CEUs, February 5, 2005.

EMDR, "Eye Movement Desensitization and Reprocessing", Part One of the EMDR Basic Training by Steve Silver, PhD, 17 CEUs, January 21st – 23rd, 2005.

Completed Training and Certification for the Abel Assessment for Sexual Interest Testing, September 16, 2004.

"Aggression and Violence: Understanding and Managing the Physiology and Psychology of Emotional Rage", 6 CEUs, August 9, 2004.

NASW, "Advanced Relationship Therapy", by Dr. Linda Miles and Dr. Amy Bunger, 6 CEUs, April 23, 2004.

DCF, "What Motivates Men to Change?", by Tony Switzer, 6 CEUs, November 7, 2003.

Specialized Training Services, Inc, "Assessing Psychopathy with PCL-R", 14 CEUs, August 18th – 19th, 2003.

DCF, Batterer's Intervention Program: Victim Liaison Training, 17 CEUs, June 24th – 26th, 2003.

UCF, Recognition of Service as a Field Instructor in the School of Social Work, June 20, 2003.

UCF, Completion of the Field Instructors' Training, 16 CEUs, January 24th – 31st, 2003.

Reach Educational Seminars, "Men and Anger", by Stephen C. Simmer, LCSW, Ph.D., 6 CEUs, November 14, 2002.

DCF, "Differing Perspectives: Challenging Ourselves for Effectiveness", by the Office of Family Safety, Domestic Violence Unit, 6 CEUs, October 10th, 2002.

DCF, "Techniques to Help Him "Get It"", by the Office of Family Safety, Domestic Violence Unit, 3 CEUs, October 9, 2002.

HMA Youth Services, "Children Who Molest Children", by William Crew, 3 CEUs, August 26, 2002.

UCF, "Spirituality and Practice: Bridging the Gap Between Heaven and Earth", 6 CEUs, January 25, 2002.

Seminole County Sheriff's Office, Completion of Security Briefing for the Detention Facility, December 5, 2001.

UCF, Conscious Discipline Institute Training, by Dr. Becky Bailey, 3.5 CEUs, August 12th – 18th, 2001.

Albert Ellis Institute, Completed Course in Rational Emotive Behavior Theory and Techniques, June 2001.

River Oaks Psychiatric Hospital, "Annual Clinical Conference on the Treatment of Sexual Addiction & Compulsivity, 12.5 CEUs, March 16th – 17th, 2001.

Specialized Training Services, Inc., "Sex Offenders", 14 CEUs, February 15th – 16th, 2001.

Spellman Counseling & Consulting, Inc., "HIV / AIDS Awareness Education, December 14, 1999.

Central Florida Area Health Education Center, "Behind Closed Doors", 7.25 CEUs, April 8th – 9th, 1999.

NASW, "How to do Couples Therapy with an Uncooperative Partner", by Philip J. DeLuca, MSW, 6 CEUs, December 2, 1999.

Western Judicial Services, Completed 19 hours of Domestic Violence Facilitator Training, July 23rd – 25th, 1999.

HRS, Completed the Juvenile Justice Preservice Core Training for Crisis Intervention Techniques – Verbal, April 26th – 28th, 1994.

Specialized Training Services, Inc, "The Psychopathic Personality & Assessment of Violence Potential, " by Reid Meloy, Ph.D., ABPP, 7 CEUs, February 7th – 8th, 1994.

Florida Alcohol and Drug Abuse Association, Inc., Completed 6 hours of training in "Ethics with Frank Gurucharri", February 4, 1994

Florida Alcohol and Drug Abuse Association, Inc., Completed 7 hours of training in "Team Building", December 9, 1993.

Florida Alcohol and Drug Abuse Association, Inc., Completed 7 hours of training in "Lifting the Mystique of Total Quality Management", December 8, 1993.

Licensed Clinical Social Worker, LISW #SW444, State of South Carolina, Board of Social Work Examiners, March, 1989.

Licensed Clinical Social Worker, LCSW #SW5234, State of Florida, Board of Social Work Examiners, 1993

In addition, 25-30 hours CEUs yearly.

**References available on request.**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

PAMELA R. MATHEWS )
*Plaintiff* )
v. ) Civil Action No. 6:21-cv-00808-WWB-EJK
BRYAN A. COLE )
)
*Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Toni Furbinger PhD., LCSW
711 Ciara Creek Cove, Suite 1001, Longwood, Florida 32750

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit "A".

| Place: Greenberg Traurig, P.A. 450 South Orange Avenue, Suite 650 Orlando, Florida 32801 | Date and Time: 08/27/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

_____   /s/ I. William Spivey, II
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bryan A. Cole
_____, who issues or requests this subpoena, are:

I. William Spivey, II, Esq.; 450 S Orange Ave Ste 650, Orlando, FL 32801; 407-420-1000; spiveyw@gtlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Δ Ex. 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:21-cv-00808-WWB-EJK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
 **(i)** is a party or a party's officer; or
 **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 **(i)** fails to allow a reasonable time to comply;
 **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 **(i)** expressly make the claim; and
 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"[1]

1.     The complete medical and/or mental health record of Plaintiff, Pamela R. Mathews (hereinafter "Plaintiff"), including but not limited to, intake records, questionnaires, medical or mental health histories, imaging studies (MRIs, CT scans, ultrasounds, x-rays, etc.), psychological or personality profiles, pathology records, specimens, prescription records, written statements, employment records, insurance records, Medicaid, Medicare and disability records, and medical bills.

2.     All documents relating to your treatment of Plaintiff, including but not limited to, medical records, mental health evaluations, diagnoses, therapies, recommendations, test results of all kinds, disability ratings, referral records, notes, call logs, prescription charts, patient notes, CDs or DVDs.

3.     All documents provided to you by Plaintiff or any other medical or mental health provider, or created by or for you, that reflect or summarize the medical and/or mental health history of Plaintiff.

4.     All photographs and videotapes of Plaintiff maintained by you and taken at any time.

5.     All correspondence or other documents reflecting communications between you and Plaintiff or Plaintiff's family members concerning Plaintiff's condition, diagnosis, therapy, welfare, care, limitations or rehabilitation.

6.     All calendars, appointment books, diaries and/or notes reflecting all dates on which you saw, treated or consulted with Plaintiff – or any other of her medical professionals – regarding Plaintiff's medical or mental condition.

7.     All documents regarding Plaintiff received by you from any other physician, medical professional, health care facility, mental health professional, counselor, therapist, laboratory or testing facility.

8.     All documents in your possession, custody or control that relate to the civil case described in the attached subpoena, including, without limitation, any and all correspondence, documents or materials you received from (or provided to) Plaintiff, any family members of Plaintiff, or Plaintiff's attorneys in the referenced case.

---

[1] Attached hereto and incorporated by this reference is an Authorization to Disclose Medical and Mental Health Information executed on July 20, 2021 by Plaintiff, the person whose records are the subject of this Subpoena.

9.   All documents received from any attorneys representing Plaintiff whether in connection with the claims asserted by Plaintiff in the instant case or in a related or unrelated matter, including but not limited to any emails, memoranda, correspondence, calendar entries, appointments, or notes regarding Plaintiff, Plaintiff's current lawsuit, or any prior or other litigation involving Plaintiff.

**AUTHORIZATION TO DISCLOSE MEDICAL AND MENTAL HEALTH INFORMATION**

(Required by the Health Insurance Portability and Accountability Act ---- 45 CFR Parts 160 and 164)

To:

I, the undersigned, hereby authorize and request the Custodian of above-named entity to disclose to the agents or designees of Greenberg Traurig, P.A. any and all medical or mental health records, including those that may contain protected health information (PHI) regarding Pamela R. Mathews, whether created before or after the date of execution of this Authorization.  This Authorization should also be construed to permit agents or designees of Greenberg Traurig, P.A. to copy, inspect and review any and all such records. Records requested may include, but are not limited to:

all medical or mental health records, physician's records, test results, physicals and histories, laboratory reports, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, correspondence, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consents for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing protected health information (PHI) in any such medical or mental health records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical or mental health information as subpoenaed by Greenberg Traurig, P.A..

Unless revoked in writing, this Authorization shall expire one (1) year after it is signed.  The individual signing this Authorization will be provided with a copy.  This Authorization relates to and is incidental to certain pending civil litigation.  A copy of this Authorization may be used in place of and with the same force and effect as the original.

**NOTICE**

- **The individual signing this Authorization has the right to revoke this Authorization at any time, provided the revocation is provided in writing to I. William Spivey, II, Esq., Greenberg Traurig, P.A., 450 South Orange Avenue, Suite 650, Orlando, Florida 32801 (except to the extent the entity has already relied upon this Authorization to disclose protected health information (PHI)).**
- **The individual signing this Authorization understands that the covered entity to whom this Authorization is directed may not condition future treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the Authorization.**
- **The individual signing this Authorization understands that protected health information (PHI) disclosed pursuant to this Authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**
- **The individual signing this Authorization expressly authorizes the above-named entity to disclose the requested records and information to Greenberg Traurig, P.A., and authorizes re-disclosure of said records and information to consultants, experts, agents, and/or other counsel in the pending civil litigation.**

- **The individual signing this Authorization understands information authorized for release may include records that may indicate the presence of diseases or conditions that are not relevant to the pending civil litigation.**

I have read this Authorization and understand that it will permit the entity identified above to disclose protected health information (PHI) to Greenberg Traurig, P.A.

Pamela R. Mathews

**Name of Patient**

*Pamela Santini*

**Signature   of   Patient   or   Individual**

Pamela R. Glover

**Former/Alias/Maiden Name of Patient**

**Date**          07/20/2021

04/19/1970

**Patient's Date of Birth**

592-32-XXXX

**Patient's Social Security Number**

c/o Andrew J. Dean, Esq.
Duncan G. Byers, Esq.
Patten,   Wornom,   Hatten   &   and
Diamondstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602

**Patient's Address**

Toni Furbringer                      Deposition March 22, 2022

**Pamela Mathews vs Bryan Cole**

Opening Statement:

**When a client is referred to me by a physician with a specific diagnosis, I explore by observation and verbal inquiry to determine if I, as clinician may be helpful.**

**My formal education, post doc training as well as over thirty years of experience allowed me to make the decision to accept Ms. Mathews as a client**

In Ms. Mathews case, the first several sessions were dedicated to confirming her diagnosis, and its source, while building rapport with her. During this period, I concluded Dr Hudson's diagnosis about the source of her present PTSD was accurate.

During treatment, Ms. Mathews made progress.

**From the time her romantic and business partner insisted that she cease therapy and withdrew financial support client ended formal treatment. Months after her withdrawal she began to call during emotional "meltdowns" Crisis management not clinical treatment resulted from those calls.**

My patient treatment notes, which to the best of my ability have all been furnished.

I use a style that allows me to trigger my memory from the last phone call and visit; therefore in my testimony today I may or may not be able to provide the answers for which you are looking. In such question you may want to get the answer from Ms. Matthews



I am requesting a copy pf this deposition, when one is available.
I do expect to pay for the copy.

Respectfully,

Toni Furbringer


Tantor
media

CATEGORIES    BESTSELLERS    NEW RELEASES    COMING SOON        SEARCH STORE...                GO

Home / The Betrayal Bond

BESTSELLERS »

ROMANCE »

PARANORMAL »

NARRATORS »

AUTHORS »



ON THE SCREEN
View All



AUDIO & EBOOK
CLASSICS
View All



Tantor
GIVES!

HELPING THOSE
IN NEED

Visit Site



MP3 Audio Sample

goodreads

# The Betrayal Bond

Breaking Free of Exploitive Relationships

Author Patrick Carnes, PhD
Narrated by Paul Costanzo
Publication date Dec 5, 2017
Running time 7 hrs

## Available Formats

AUDIO            BUY FROM
DOWNLOAD         AUDIOBOOKS.COM

                 BUY FROM
                 AUDIBLE

Synopsis    Reviews    Awards    Media

**Short Synopsis**
In *The Betrayal Bond* Patrick Carnes examines relationships
in which there is an exploitation of trust or power. He shows
how to recognize when traumatic bonding has occurred and
how to safely extricate from these relationships.

**Full Synopsis**
Exploitive relationships can create trauma bonds—chains
that link a victim to someone who is dangerous to them.
Divorce, employee relations, litigation of any type, incest and
child abuse, family and marital systems, domestic violence,
hostage negotiations, kidnapping, professional exploitation
and religious abuse are all areas of trauma bonding. All these
relationships share one thing: they are situations of
incredible intensity or importance where there is an
exploitation of trust or power.

In *The Betrayal Bond* Patrick Carnes presents an in-depth
study of these relationships, why they form, who is most
susceptible, and how they become so powerful. He shows
how to recognize when traumatic bonding has occurred and
gives a checklist for examining relationships. He then
provides steps to safely extricate from these relationships.

This is a book you will turn to again and again for inspiration
and insight, while professionals will find it an invaluable
reference work.


Δ Ex 6

| ABOUT TANTOR | NEED HELP? | STAY CONNECTED |
|---|---|---|
| Our Company | Supplemental Content FAQ | |
| Careers | Security & Privacy | |
| Contact Us | | |

© 2020 Tantor Media, Inc. All Rights Reserved.

## Mathews Litigation Summary

A. <u>Pamela Rea Marshall v. Kevin Lloyd Marshall</u>, Case No. 89-DR-024463, Hillsborough County Circuit Court (DIVORCE #1)

    1. Filed 11-27-89
    2. Marriage date: 6-18-88; Marriage dissolved 12-19-89
    3. Married William Wold 12-24-89; just 4 days after divorce was final

B. <u>Pamela Wold v. William Wold</u>, Case No. 2000DR000233000000; Polk County Circuit Court (DIVORCE #2)

    1. Filed 1-19-00; Pam represented by Kelly Butz, Esq.
    2. Marriage date: 12-24-89; Marriage dissolved 3-13-00

C. <u>Gregory Robert Wishart v. Pamela Rea Wishart</u>, Case No. 51-2001-DR-006415, Pasco County Circuit Court (DIVORCE #3)

    1. Filed 9-19-01 by Norman Burton Williams, Esq.
    2. Marriage date: 8-26-00; Marriage dissolved 2-8-02

D. <u>Mobile Medical Industries, Inc. v. Pamela Glover, et al.</u>; Case No. 2003-CA-002668, Polk County Circuit Court

    1. Filed 6-27-03
    2. Dismissed per a joint stipulation 12/15/03

E. <u>Pamela Glover v. Gentiva Health Services, Inc.</u>, Case No. 2004-CA-6495-O, Orange County Circuit Court

    1. Filed 8-3-04 by Gary D. Wilson, Esq.
    2. "Whistleblower" case; removed to federal court on 8-24-04; <u>see</u> F. below

F. <u>Pamela Glover v. Gentiva Health Services, Inc.</u>, Case No. 6:04-cv-1271-GAP-KRS, U.S. District Court for the Middle District of Florida (Orlando Division)

    1. This is the removal of E. above (on or about 8-24-04)
    2. Settled at mediation on or around 6-20-05

G. <u>Pamela Glover v. Gentiva Health Services, Inc. and Senior Home Care, Inc.</u>, Case No. 2008-CA-9157-O, Orange County Circuit Court

    1. Filed 4-21-08 by attorney Don Mathews (brother)
    2. 8-13-10 Motion for Continuance DENIED; 8-13-10 case voluntarily dismissed without prejudice

Ex.7

H. JPMorgan Chase Bank, N.A. v. Pamela Glover and Walter Glenn Glover, Case No. 2010-CA-005151 MF, Osceola County Circuit Court

1. Filed 8-16-10
2. Foreclosure action on home in Celebration; defended by Don Mathews (brother)
3. Voluntarily dismissed 02-13-14

I. Pamela Glover v. Gentiva Health Services, Inc., Case No. 2010-CA-20289-O, Orange County Circuit Court

1. Filed 9-7-10 by attorney Don Mathews (brother) (see G. above)
2. This is a RE-FILING of the same case referenced in G. above
3. Filed an Amended Complaint on 11-2-10 adding Senior Home Care, Inc. to the case
4. Removed to federal court on 11-2-10

J. Pamela Glover v. Gentiva Health Services, Inc., Case No. 6:10-cv-1619-JA-KRS, U.S. District Court for the Middle District of Florida (Orlando Division)

1. This is the removal of I. above (on or about 11-2-10)
2. Senior Home Care, Inc. voluntarily dismissed on 12-15-10
3. Summary Judgment granted in favor of Gentiva on 4-20-12
4. Witnesses include
    a. Lorraine Villa
    b. William Cook
    c. Brenda New
    d. Mary Donery

K. Pamela Glover v. Senior Lifestyle Management Corporation, SL Lake Howard Heights, LLC and Glenda Hanley, Case No. 2012-CA-6378, Circuit Court of Polk County, Florida

1. Filed 9-13-12 by attorney Don Mathews (brother)
2. Retaliatory discharge; Whistleblower; Defamation (humiliation; embarrassment; mental anguish)
3. Case settled/dismissed 9-6-13

L. Pamela Rea Glover v. Walter Glenn Glover, Case No. 2014-DR-004770, Osceola County Circuit Court (DIVORCE #4)

1. Filed 12-23-14 by attorney Kenneth Dane Morse, Esq.
2. Marriage date: 2-18-02; Marriage dissolved 3-1-18
3. Walter Glover arrested in 2008 and 2014 for alleged domestic violence (police incidents)

M. DocsConnect v. Careclix, Case No. 01-19-0004-1486, American Arbitration Association

1. Filed in 2019, Pam represented by Andrew J. Dean, Esq. in Virginia (current counsel)
2. www.pwhd.com (Patten, Wornom, Hatten & Diamondstein; Newport News, Virginia)

2

N. Keith Ablow Creative Inc. v. DocsConnect LLC, Case No. 2019-CA-010959-O; Circuit Court of Orange County, Florida

   1. Filed in Orange County Circuit Court on 9-12-19 by attorney Nathan Schwartz in Boca Raton
   2. Removed to Middle District of Florida, Case No. 6:19-cv-01947-JA-LRH by DocsConnect, which was represented by Bryant Dunivan, Esq. of Owen & Dunivan, PLLC;
   3. Settled/dismissed 11-20-19

O. State of Florida v. Pamela Mathews, Case No. 2019-102271 MMDL; Circuit Court of Volusia County

   1. case filed in May, 2019
   2. DUI case; represented by Daytona attorney John Hager (www.defendyourvolusiacase.com) for much of the case
   3. Genine Ann Mejia, Esq. took over and completed the case (www.defendingdaytona.com)
   4. .017 blood alcohol measurement post-arrest

P. Cole v. Pamela Mathews, Case No. 2020-CC-001105; Circuit Court of Seminole County, Florida

   1. Filed 04-17-20
   2. Mathews again represented by Bryant Dunivan, Esq. (see N. above and S. below)
   3. Replevin; unlawful detainer
   4. Settled/dismissed 10-29-20

Q. Pamela Mathews v. Cole, Case No. 2020-CA-000935; Circuit Court of Seminole County, Florida

   1. Filed 4-20-20 by Bryant Dunivan, Esq. (see N. and P. above)
   2. Replevin; IIED; battery; assault
   3. Voluntarily dismissed 10-30-20; re-filed in federal court seven (7) months later by Andrews J. Dean, Esq. (see M. above and T. below)

R. Pamela Mathews v. Carl Landi and Aliya Landi, Case No. 2020-CA-945-08-L, Seminole County Circuit Court

   1. Filed 4-21-20 by attorney Don Mathews (brother)
   2. Rear-end collision case against driver (Aliya Landi) and owner (Carl Landi); accident occurred on 12-6-19; Plaintiff alleges mental anguish
   3. Case dismissed on 1-3-22

S. Pamela Mathews v. Cole, Case No. 2020-CA-002641-15-W, Circuit Court of Seminole County, Florida

   1. Filed 10-30-20 by attorney Paul Mascia (www.nardellalaw.com) along with a lis pendens against the Talman property
   2. Breach of contract; specific performance; breach of contract implied in fact; promissory estoppel; breach of contract implied in law; unjust enrichment
   3. Voluntarily dismissed (and lis pendens released) 11-16-20; only pending 17-18 days

3

T. <u>Pamela Mathews v. Cole</u>, Case No. 6:21-cv-00808, USDC Middle District of Florida; Orlando Division

   1. Filed 5-10-21 by Andrew J. Dean, Esq. (<u>see</u> M. above)

U. <u>State v. Santini</u>; Case No. CR22105938, Glynn County, Georgia

   1. Ron Harrison, Esq.
   2. Pam arrested in Brunswick, Georgia in early 2022 in connection with domestic turmoil with her current husband, Jorge Santini

### **Summary of Known Attorneys**

   1. Kelly Butz, Esq.
   2. Norman Burton Williams, Esq.
   3. Gary D. Wilson, Esq.
   4. Don Matthews, Esq. (5 times)
   5. Kenneth Morse, Esq.
   6. Andrew J. Dean, Esq. (2 times)
   7. Bryant Dunivan, Esq. (3 times)
   8. John Hager, Esq.
   9. Genine Ann Mejia, Esq.
   10. Paul Mascia, Esq.
   11. Ron Harrison, Esq.
   12. Chris Torchia, Esq. (transactional)

*ACTIVE 58251538v10*