IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAMELA R. MATHEWS,

    Plaintiff,

v.                                            Case No.: 6:21-cv-00808-WWB-EJK

BRYAN A. COLE,

    Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE LAY EVIDENCE THAT PLAINTIFF
HAD ANY PARTICULAR PSYCHIATRIC CONDITIONS
OR SYMPTOMS, AND/OR THAT ANY SUCH CONDITIONS OR
SYMPTOMS IMPACTED HER MEMORY, PERCEPTION, OR BEHAVIOR**

Defendant Bryan A. Cole ("Cole"), by and through his undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 37, and Federal Rule of Evidence 701, moves the Court for an order excluding at trial any lay evidence (1) that Plaintiff Pamela R. Mathews ("Plaintiff") was diagnosed with or had/experienced dissociation, post-traumatic stress disorder ("PTSD"), Stockholm syndrome, or any other psychiatric conditions or symptoms, and/or (2) that any such psychiatric conditions or symptoms impacted her memory, perception, or behavior.[1] In support hereof, Cole states as follows:

---

[1] In the transcript of Plaintiff's deposition, "dissociation" is spelled as "disassociation." (E.g., Doc. 85-4 at 35:19-25). Moreover, the psychiatric diagnosis recognized by the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition ("DSM-5") for the dissociative condition associated with the inability to remember things – which is one of the symptoms that Plaintiff described in her deposition – is "dissociative amnesia." The DSM-5 also lists dissociative symptoms in connection with PTSD.

I. **Introduction and Background.**

On June 28, 2021, Plaintiff filed the operative Second Amended Complaint and Jury Demand ("SAC").[2] (Doc. 20). In that rambling pleading, Plaintiff alleges that she and Cole had a several-year romantic relationship during which Cole supposedly physically and emotionally abused her. Pertinent here, a main theme of Plaintiff's story is that Cole caused her to suffer all manner of supposed psychological injuries. In particular, Plaintiff scatters throughout the SAC numerous allegations that Cole caused her to suffer PTSD, panic attacks, depression, and anxiety. (Doc. 20 at ¶¶ 24, 36, 63-64, 67, 83, 113). Based upon these false accusations (and a plethora of other false and sordid allegations), Plaintiff asserts a single cause of action against Cole under Fla. Stat. § 768.35, and seeks a mind-boggling $50 million in damages.

On August 20, 2021, Cole filed his Answer and Affirmative Defenses to the SAC. (Doc. 34). In his affirmative defenses, he argued that "[m]ost if not all of Plaintiff's alleged emotional injuries, if any, were pre-existing long prior to Plaintiff even meeting Cole (in 2013), and/or were caused or exacerbated by Plaintiff's admitted long-term alcohol abuse and/or her other failed personal relationships." (Doc. 34 at 11). Cole further contended that "[t]o the extent Plaintiff suffered any legally cognizable emotional injuries … Plaintiff failed to join herein the parties responsible," including her five (5) prior husbands. (Id.) He also argued Plaintiff "could at all times material hereto support herself financially," was "highly experienced in legal matters," "always had the know-how, resources and family support to leave any personal relationship that was not to her liking," and "willingly and

---

[2] Cole filed a Motion to Strike and For More Definite Statement as to the SAC (the "Motion to Strike"). (Doc. 26). On August 6, 2021, the Court entered an Order granting in part and denying in part the Motion to Strike in which the Court struck paragraphs 13-20, 25, 28, 33, 57, 71, 72 and 96 from the SAC. (Doc. 31).

knowingly stayed in the relationship with Cole for many years, and went to great lengths to perpetuate it (even after Cole tried to amicably and reasonably end the relationship much earlier)." (Doc. 34 at 12-13).

Additionally, Cole claimed that "[t]o the extent Plaintiff observed or engaged in sexual activities that she alleges are part of her claim, Plaintiff was always an eager, knowing and consensual participant in those activities (and, in fact, often the instigator and organizer of same)," and "[t]o the extent Cole interacted with Plaintiff in any manner that Plaintiff now describes as a purported form of assault, battery or false imprisonment, such interaction was strictly an act of self-defense that was undertaken by Cole only in response to Plaintiff's prior (usually alcohol-induced) aggression, attacks or other acts of violence." (Doc. 34 at 13-14). Furthermore, Cole asserted that "Plaintiff's claim is based upon events during which she was under the influence of alcoholic beverages and/or drugs to the extent that her normal faculties were impaired." (Doc. 34 at 16).

Plaintiff was deposed on March 10, 2022. In response to counsel's questions relevant to Plaintiff's claims and Cole's affirmative defenses, Plaintiff repeatedly stated (a) she has Stockholm syndrome, complex PTSD, and dissociation, (b) these alleged psychiatric conditions or symptoms impacted her ability to remember things, or otherwise affected her appearance, behavior, and awareness of her actions. (See Doc. 85-4 at 35:22-36:10, 49:11-50:5, 51:9-25, 75:11-15, 77:7-10, 104:9-25, 158:2-13, 210:20-211:20).

For example, in response to questions about the arrest of one of her former husbands, Plaintiff claimed she was "[s]omewhat" "involved in the process of him being arrested" but was not sure that she "made statements to the police officers that resulted

3

in" the arrest. (Doc. 85-4 at 35:10-15). When questioned about her memory, she claimed "Stockholm syndrome, complex PTSD, and disassociation [sic]" "impact[ed] her ability to remember things." (Doc. 85-4 at 35:19-36:10). Regarding questions about another domestic-relations-related police incident involving a different husband, which resulted in *Plaintiff's* arrest, she claimed that the police report's description – and related video – of her (a) slurred, incoherent, and repetitive speech, (b) physical swaying and stumbling, and (c) alcohol breath did not indicate that she was drunk; instead, she claimed these observed conditions reflected signs of her alleged complex PTSD, Stockholm syndrome, and dissociation. (Doc. 85-4 at 46:14-50:10).

In relation to further inquiries about repeated police calls, Plaintiff claimed these calls were the result of her current husband not knowing what to do with her due to her "[b]ack flashes" and her "not being able to understand [she] disassociate[s] [sic]." (Doc. 85-4 at 51:3-24). She also claimed that an incident involving law enforcement and her guns occurred because of her husband's concern about her "condition and disassociation [sic]." (Doc. 85-4 at 75:7-15). And with respect to a potential incident where Plaintiff's current husband might have given an account of Plaintiff trying to stab his juvenile son, Plaintiff stated that if her husband had given such an account to police officers, "it was because of duress, it was because of him learning [she] can disassociate [sic], [and] it was fear of what [she] could do, given [her] disease." (Doc. 85-4 at 76:17-77:10).

When asked about another potential police incident involving her use of a handgun, Plaintiff stated that if police records confirmed that the incident indeed occurred, she would respond that she has "no recollection" because "[t]hey say [she] disassociate[s] [sic]," meaning she has supposedly been through "so much trauma that [her] instinct is

4

something else takes over and [she] just [doesn't] remember" because she is "not even the same person." (Doc. 85-4 at 104:11-105:2).

As to her allegations of purportedly forced sexual liaisons, she stated that while she was not physically forced into sexual activity, she had no choice but to participate because of Stockholm syndrome, which supposedly made her believe refusal would mean loss of Cole and his resources. (Doc. 85-4 at 157:22-158:13). And, in the context of her $50 million damages claim, when asked to explain why she did not just leave Cole, she again blamed Stockholm syndrome and complex PTSD. (Doc. 85-4 at 209:13-210:23).

Ultimately, when confronted in her deposition with questions about occurrences bearing on her own conduct, appearance, and decisions, Plaintiff consistently blamed Stockholm syndrome, complex PTSD, dissociation, or other psychiatric ailments she claims to have. Plaintiff essentially asserted that she could not answer many questions because of her self-professed psychiatric limitations. However, diagnosis of these mental health conditions and/or their symptoms is a ***matter requiring expert testimony*** (which she does not have). So to the extent Plaintiff attempts to employ the same approach at trial – whether through her own testimony or the testimony of other lay witnesses – the Court should prevent her from doing so. In other words, under Rule 701, neither Plaintiff nor any other lay witness should be allowed to testify (a) that Plaintiff had Stockholm syndrome, PTSD, dissociation, or any other psychiatric conditions or symptoms, and/or (b) that any alleged behavior, perception, or memory lapses of Plaintiff were caused by such purported conditions/symptoms.

5

II. **Plaintiff and Any Other Witnesses Not Disclosed as Experts May Not Testify That Plaintiff Was Diagnosed with or Had Any Particular Psychiatric Conditions or Symptoms, and/or That Such Alleged Conditions or Symptoms Affected Her Memory, Perception, or Behavior in Any Particular Way.**

Federal Rule of Civil Procedure 26(a)(2) requires that a party identify any witness it may use at trial to present expert testimony under Federal Rules of Evidence 702, 703 or 705. See Fed. R. Civ. P. 26(a)(2)(A). Depending upon the type of expert, various disclosure requirements are imposed. See Fed. R. Civ. P. 26(a)(2)(B)-(C). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008) (quotation and citation omitted)). Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This rule "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion [to compel or conduct a deposition]." See Fed. R. Civ. P. 37(c), Advisory Committee Note (1993 Amendment); Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC, 845 F. Supp. 2d 1241, 1251 (M.D. Fla. 2012). Stated simply, Plaintiff cannot self-diagnose her purported psychiatric and mental health conditions.

Furthermore, under Federal Rule of Evidence 701, a witness who is not testifying as an expert can testify in the form of an opinion only if it is "rationally based on the witness's perception …, and not based on scientific, technical or other specialized knowledge." Fed. R. Evid. 701. Thus, "the opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation – for example, a

6

witness' opinion that a person with whom he had spoken was drunk, or that a car he observed was traveling in excess of a certain speed." U.S. v. Marshall, 173 F.3d 1312, 1315 (11th Cir. 1999). **And Rule 701 permits lay witness testimony only if it is <u>not</u> based on scientific, technical, or other specialized knowledge**. U.S. v. Williams, 865 F.3d 1328, 1341 (11th Cir. 2017) ("The central question ... is whether the ... witnesses' testimony [is] based on 'scientific, technical, or other specialized knowledge,' such that it [would be] governed by Rule 702's expert testimony requirements rather than Rule 701's lay opinion standard."). The purpose of the rule is "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, Advisory Committee Note (2000 Amendments). To that end, "a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [governing expert testimony]." Id. So "[b]y channeling testimony that is actually expert testimony to Rule 702, [Rule 701(c)] also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 … by simply calling an expert witness in the guise of a layperson." Id.

  Importantly, testimony that a plaintiff was diagnosed with or suffered from a particular psychiatric condition and/or its symptoms – as opposed to general testimony that the plaintiff felt a certain way (such as sore, anxious, or sleep deprived) – requires scientific, technical, or specialized knowledge. Thus, testimony that a plaintiff suffered from a particular psychiatric condition or its symptoms, or that the condition or its symptoms caused certain behaviors or had a particular effect on the plaintiff's memory or

7

perception, may be presented ***only*** by a properly disclosed expert witness. Compton v. Bach, 374 F. Supp. 3d 1296, 1304 (N.D. Ga. 2019) ("While lay witnesses, including [p]laintiffs, may not testify on matters requiring an expert, such as a medical diagnosis, they may testify as to what they observed"); Gleason v. Franklin, No. CV 15-8380-CBM-(DFMx), 2022 U.S. Dist. LEXIS 189516, at *2 (C.D. Cal. Oct. 17, 2022) ("Plaintiff cannot offer testimony diagnosing himself with any medical or mental condition or regarding the causation of any diagnoses or condition"); Kokoska v. City of Hartford, No. 3:12-cv-01111 (WIG), 2014 WL 4724879, at *4 (D. Conn. Sept. 23, 2014) ("[i]n the absence of expert testimony or medical records, [p]laintiff may not testify that he suffers from a particular psychological diagnosis or that such psychological condition is causally related to the events giving rise to this claim"); Williams v. Muhammad's Holy Temple of Islam, Inc., No. 00 CV 1251 (RML), 2006 WL 297448, at *2 (E.D.N.Y. Feb. 8, 2006) (a lay "witness may describe what she observed, but may not provide an opinion regarding the plaintiff's mental state, or" even make "a vague suggestion that [the] plaintiff suffered from a psychiatric condition"); Crawford v. City of Bakersfield, 944 F.3d 1070, 1079 (9th Cir. 2019) (emphasis added) ("so long as [plaintiff] ***stopped short of opining that [her son] had a mental illness***, she was competent to testify about her own observations of and experiences with" him).

Here, Plaintiff did not disclose herself as an expert witness pursuant to Rule 26, nor is she in any way qualified to testify as a psychiatric expert. Accordingly, under evidentiary Rule 701 and procedural Rule 37(c), the Court should preclude Plaintiff – and any other witness she failed to disclose as an expert – from testifying that she suffered from various psychiatric conditions or their symptoms, and/or that these

conditions/symptoms affected her memory, perception, and/or behavior in any particular way. See U.S. v. Walshe, 526 F. App'x 834, 838-39 (10th Cir. 2013) (citations omitted) (affirming exclusion of witness's testimony about his father's "'mental health issues,'" such as "'his manic depressive state,'" and "whether those mental health issues appeared to be affecting the way [his father] was making decisions," because that was "an attempt to have a lay witness testify on a matter about which he had no 'special skill or knowledge'"); Sanchez v. Master Prot., LP, No. CV 20-8472 PSG (RAOx), 2022 WL 2092995, at *2 (C.D. Cal. May 4, 2022) (citation omitted) (under Rule 701, precluding Plaintiff from "self-diagnos[ing] himself with – or testify[ing] as to the symptoms of – depression, anxiety, and insomnia" because "[s]uch testimony would stray too far into matters of 'scientific, technical, or other specialized knowledge,'" but allowing him to "testify generally that he felt depressed, anxious, or sleep deprived"); Gleason, 2022 U.S. Dist. LEXIS 189516, at *4 (precluding plaintiff from "testifying regarding any self-diagnoses, or the causation of any diagnoses or condition," including PTSD); Williams, 2006 WL 297448, at *2 (precluding lay testimony that plaintiff was "crazy" and lay testimony about the mental state of plaintiff and her family members because such testimony does not meet the criteria of Rule 701, but allowing witness to describe what she observed).

      Any other ruling will (a) enable Plaintiff to skirt the requirements of Rules 26 and 37, and Rule 701 of the Federal Rules of Evidence, and (b) unfairly confuse the jury and prejudice Cole. The jury may incorrectly believe that any amateur diagnoses and opinions announced by Plaintiff came from reputable and qualified experts, and/or that her self-opinions are entitled to evidentiary weight. Neither is true, and this motion should be granted.

**III.     Conclusion.**

For all of the foregoing reasons, Cole respectfully requests that the Court exclude at trial evidence from any lay witnesses – including Plaintiff – (1) that Plaintiff suffered from complex PTSD, Stockholm syndrome, any dissociative disorder, or any other psychiatric conditions or symptoms, and/or (2) that these conditions/symptoms affected her memory, perception, or behavior.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), on December 6, 2022, undersigned counsel for Cole conferred with counsel for Plaintiff (Duncan G. Byers, Esq.), who indicated that Plaintiff opposes the relief requested here.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of December, 2022, I electronically filed the foregoing **Defendant's Motion in Limine to Exclude Lay Evidence That Plaintiff Had Any Particular Psychiatric Conditions or Symptoms, and/or That Any Such Conditions or Symptoms Impacted Her Memory, Perception, or Behavior** with the Clerk of the Court by using the CM/ECF system, which will send an electronic copy to the following:

Duncan G. Byers, Esquire
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Email: dbyers@pwhd.com
      cveals@pwhd.com
*Counsel for Plaintiff*

          **GREENBERG TRAURIG, P.A.**
          450 South Orange Avenue, Suite 650
          Orlando, Florida 32801
          Telephone:   (407) 420-1000
          Facsimile: (407) 420-5909
          Email: spiveyw@gtlaw.com
                bakerco@gtlaw.com
                nef-iws@gtlaw.com
                FLService@gtlaw.com
          *Counsel Defendant Bryan A. Cole*

          By: */s/ I. William Spivey, II*
              I. William Spivey, II, Esquire
              Florida Bar No. 701076
              Colin S. Baker, Esquire
              Florida Bar No. 0066352

ACTIVE 683772599v4