**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PAMELA R. MATHEWS,

      Plaintiff,

v.                                 Case No.: 6:21-cv-00808-WWB-EJK

BRYAN A. COLE,

      Defendant.

_____/

**DEFENDANT'S MOTION IN LIMINE**
**TO (A) EXCLUDE EVIDENCE AND ARGUMENT**
**RELATING TO ECONOMIC DAMAGES, AND (B)**
**PRECLUDE PLAINTIFF FROM SUGGESTING A DOLLAR**
**AMOUNT OR RANGE OF NON-ECONOMIC DAMAGES TO THE JURY**

Defendant Bryan A. Cole ("Cole"), by and through his undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 37, moves the Court for an order (1) excluding any evidence or argument at the trial of this action by Plaintiff Pamela R. Mathews ("Plaintiff") relating to economic damages, and (2) prohibiting Plaintiff from suggesting to the jury a specific dollar amount or range of non-economic damages. In support hereof, Cole states as follows:

I.      **Introduction.**

Plaintiff's initial and amended Rule 26(a) disclosures set forth absolutely no computation for the categories of damages claimed, let alone a computation that identified any specific supporting documentation. See Exhibit "A" at 10-11; Exhibit "B" at 10-11. Instead, in response to this Court's justified concern that Plaintiff's exorbitant $50 million damages demand lacked a factual basis sufficient to establish subject matter jurisdiction (see Doc. 32), she filed a Declaration listing totals for various purported *economic*

*damages* – i.e., supposed past and ongoing medical expenses and moving and storage costs (Doc. 33-1). Although most of these totals were itemized by medical provider, they did not identify any dates or supporting documentation, nor was any such required detail ever provided in discovery. (Id.) Plaintiff also never provided discovery responses setting forth an adequate economic damage computation connecting the totals listed in her Declaration to any specific underlying documentation.

Plaintiff's utter failure to comply with the damages disclosure and computation requirements of Rule 26(a)(1)(A)(iii) was neither substantially justified nor harmless. These failures stymied Cole's ability to, among other things, investigate damages and conduct follow-up discovery on whether the claimed expenses, if in fact incurred, were related, either temporally or otherwise, to his alleged conduct (and whether they were paid by collateral sources). Accordingly, pursuant to Rule 37(c), any evidence or argument as to economic damages should be excluded at trial. Additionally, because Plaintiff failed to provide a computation for her purported *non-economic damages* – including damages for her supposed pain and suffering, and punitive damages – she should be precluded from suggesting a specific dollar amount or range of such damages to the jury.

## II.      Background.

On June 28, 2021, Plaintiff filed the operative Second Amended Complaint and Jury Demand ("SAC"). (Doc. 20). Plaintiff alleged that she and Cole had a several-year romantic relationship during which Cole supposedly physically and emotionally abused her. Plaintiff asserts a single cause of action against Cole under Fla. Stat. § 768.35.

According to the SAC, the astonishing $50 million in damages she seeks is comprised of "economic, compensatory, and punitive damages." (Doc. 20 at 27).

### A.    Plaintiff's Initial and Amended Rule 26(a) Disclosures.

On August 13, 2021, Plaintiff served her initial Rule 26(a) disclosures, which stated that her "claim for damages is based upon the cost of her medical care, pain and suffering, and available punitive damages as pled." Exhibit "A" at 11. She also stated that "[t]his category of disclosures," i.e., the "Computation of Damages," "w[ould] be supplemented as discussed by counsel for the Parties." Id. at 10-11. Plaintiff amended her Rule 26(a) disclosures on June 8, 2022, but she failed to amend or supplement her original deficient disclosures with respect to her purported damages. See Exhibit "B" at 10-11.

### B.    The Show-Cause Order and Plaintiff's Response and Attached Declaration.

Because "'[a] claim for an exorbitant amount of damages with no factual basis is not sufficient to establish [diversity] subject matter jurisdiction'" – and because the SAC did not contain sufficient "allegations to establish the basis for Plaintiff's damages claim" – the Court issued an order on August 12, 2021 directing Plaintiff to show cause why it had subject matter jurisdiction ("Show-Cause Order"). (Doc. 32 at 1-2 (quoting Berman v. Kafka, 2014 WL 12616997, at *2 (M.D. Fla. Feb. 4, 2014)). Plaintiff was required to "include 'an averment of damages made with sufficient particularity to demonstrate a good faith basis for a claim for [personal injuries] that exceeds $75,000.'" (Doc. 32 at 2 (quoting Berman, 2014 WL 12616997, at *2)).

In her response to the Show-Cause Order, Plaintiff asserted "that the Court cannot conclude to a legal certainty that she has not and cannot meet the jurisdictional requirement of $75,000 for the amount in controversy under 28 U.S.C. § 1332." (Doc. 33

3

at 6). Attached to that response was Plaintiff's skeletal Declaration, which stated that she "incurred approximately $57,087.73 in medical expenses as a result of the physical and psychological harm" supposedly caused by Cole. (Doc. 33-1 at 1).

As for the components of the total figure, Plaintiff listed conclusory sums associated with her alleged treatment, without (a) providing any supporting documentation; (b) further itemizing the expenses based on the type of treatment received, the injury treated, or the time period when the treatment occurred; or (c) otherwise explaining how the sums were computed.[1] The items listed include: (a) $3,553.58 to John Hudson, M.D.; (b) $1,135 to David Klein, M.D.; (c) $8,444 (estimated) to Toni Furbringer, LCSW; (d) $377 to Kate Priest, LCSW; (e) $31,777.94 to Advent Health and Affiliates; (f) $3,092.54 to Orlando Regional Medical Center; (g) $510 to Jewett Orthopedic Clinic; (h) $262 to Danielle Shelton, M.D.; (i) $7,080.21 for "Pharmacy / Medications"; and (j) $3,948 for "Lab work." (Doc. 33-1 at 1-2).[2] Plaintiff further stated that she "incurred moving and storage costs in the amount of $6,950.75" – for a total of

---

[1] The absence of this detail prevents Cole, and the Court, from determining whether the alleged expenses are even plausibly related to the events alleged in this action. Discovery showed that Plaintiff has an elaborate medical history that significantly pre-dated her relationship with Cole; she was a frequent visitor to "Advent Health" for things like gynecological and heart/digestive complaints, among many other things. None of those conditions are remotely attributable to Cole. Plaintiff was also on a myriad of medications long before she met Cole, so it is impossible to know whether the claimed prescription amounts – or lab charges – have any connection whatsoever to the issues at bar. Plaintiff also had at least two (2) automobile accidents in 2019 and 2020 – again not involving or related to Cole – that necessitated medical treatment from various providers, including Jewett Orthopedic Clinic. The Court can easily understand why Plaintiff's failure to provide the mandatory detail is problematic.

[2] These sums total $60,180.27, not the $57,087.73 in past medical expenses Plaintiff claims in her Declaration. This disparity further mystifies the bare-bones, unexplained totals she ascribes to each provider or medical service.

$67,131.02 in "actual damages," which she claimed was increasing due to her ongoing treatment. (Doc. 33-1 at 2).[3]

The Court has not taken any further action on the jurisdictional issues raised by Plaintiff's purported claim since she filed her Declaration in response to the Show-Cause Order.

### C.     Cole's Damages Interrogatories and Plaintiff's Responses.

Cole served his First Set of Interrogatories on July 13, 2021. See Composite Exhibit "C". In Interrogatories 13, 14, and 15 (collectively the "Damages Interrogatories"), Cole asked Plaintiff to specify the nature and amount of (a) the compensatory damages; (b) the economic damages; and (c) any other types of damages for which she seeks recovery in this action.  See id. at 8.[4] The Damages Interrogatories also asked Plaintiff to "identify all documents that in any way confirm, corroborate or quantify such alleged damages." Id.

Plaintiff served her initial Responses and Objections to Cole's First Set of Interrogatories on August 20, 2021. Id. at 1-11. Her answer to Interrogatory 13 referenced her Declaration, and stated that (a) she was "seeking compensatory damages to include actual damages of $67,131.02 in actual costs," (b) she would "supplement this response with the documents supporting those actual damages," and (c) "[t]he remainder of her

---

[3] The lack of detail around the "moving and storage" expense is also objectionable. It is not clear when or why these costs were incurred. During Plaintiff's relationship with Cole – and despite her claims of being "trapped" – Plaintiff maintained at least two (2) separate leased residences apart from Cole. Does some or all of the moving/storage charge relate to those multiple and voluntary relocations? Also, when the Plaintiff/Cole relationship ended, Plaintiff shortly thereafter married her current husband, Jorge Santini, and moved to Georgia with him directly from Cole's residence. Surely Cole is not legally responsible for any costs Plaintiff incurred in beginning her current marital relationship.

[4] In this Motion, the citations to Cole's Composite Exhibits refer to the sequential PDF pages of those Exhibits, not the page numbers that appear at the bottom of the pages of those Exhibits.

compensatory damages sought are non-economic damages for the pain and suffering that has occurred … and is included in her *ad damnum* claim which also includes her demand for punitive damages." Id. at 8. Her answer to Interrogatory 14 concerning economic damages merely referenced her answer to Interrogatory 13. Then her answer to Interrogatory 15, in addition to referencing her answer to Interrogatory 13, stated she would be seeking other unspecified damages "as provided for under Florida law," and that her response would "be amended as information and documents become available through discovery." Id. at 8-9.

Plaintiff's supplemental Responses and Objections to Cole's First Set of Interrogatories served on September 9, 2021 did not supplement her answers to the Damages Interrogatories. Id. at 12, 25-26. And her Second Supplemental Responses and Objections to Cole's First Set of Interrogatories served on September 15, 2021 merely supplemented her response to Interrogatory 14 by claiming her economic damages involved the "[c]ost of in-treatment facility in accordance with attached letter of referral dated September 14, 2021 from Charito Alley PA-C, bates stamped as PLF PRODUCTION 0001138." Id. at 29, 39-40.[5] However, that single-page letter consisting of only two sentences provides absolutely no explanation or computation for her claimed economic damages; instead, it purports only to *refer* Plaintiff "for psychiatric care for Stockholm's [sic] syndrome." Exhibit "D".

Ultimately, Plaintiff never provided a computation of her economic or non-economic damages supported by specific, identified documentation in compliance with Rule 26(a).

---

[5] Discovery later showed that Plaintiff never actually had any in-facility treatment for her alleged woes.

**III.    Plaintiff's Rule 26 Violations Require Exclusion of Any Economic Damages Evidence at Trial.**

   **A.    *Plaintiff Violated Rule 26 by Not Disclosing an Adequate Computation of Her Purported Economic Damages That Specifically Identifies Documentation Supporting the Claimed Amounts.***

Under Fed. R. Civ. P. 26(a), parties must disclose "a computation of each category of damages claimed," and make available for inspection and copying all evidentiary material "on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e) requires parties to supplement the initial Rule 26(a) disclosures and interrogatory responses "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Id. at 26(e)(1)(A).

Thus, a party violates Rule 26 if she fails to provide a computation of her claimed economic damages that identifies specific documentation provided to the opposing party supporting the computation. See Carter v. BPCL Mgmt., LLC, 2021 WL 7502558, at *5 (S.D. Fla. May 10, 2021) (although claimed medical damages and expenses were itemized in interrogatory response, plaintiff still "violated Rule 26(a)(1)(A)(iii) because he failed to identify [which] documents" of the 2,200 that had been produced "support[ed] his computation of accrued medical damages"); Gordon v. Wal-Mart Supercenter, 2009 WL 3850288, at *5-6 & n.1 (S.D. Ala. Nov. 12, 2009) (plaintiff violated Rule 26 by not providing an appropriate computation of her medical expenses in her initial disclosures, an adequate computation in response to defendant's interrogatories, and any specific documentation to support the claimed damages); Klamut v. Nibecker, 2017 WL 1196725, at *3 (N.D. Cal. Mar. 31, 2017) (plaintiff violated Rule 26 where medical or other special

7

damages computation was untimely disclosed and "there [wa]s no evidence Plaintiff provided Defendants with the actual records or supporting materials beyond the list of his damages"); Richards v. Cox, 2022 WL 4110348, at *4-5 (D. Nev. Sept. 8, 2022) (plaintiff violated Rule 26 because he "never provided a computation of [medical] damages or explained how each bill/document corresponds to them" nor "provided any supplement that would satisfy the rule"); Ioane v. Spjute, 2016 WL 4524752, at *11 (E.D. Cal. Aug. 29, 2016) (plaintiffs violated Rule 26 as to their claimed medical expenses where they "provided a bare calculation … that only listed a total dollar amount for each year" without specifically identifying the supporting bills).

*Here, Plaintiff never provided a computation of her purported economic damages that identified specific documentation supporting those damages*. Likewise, she did not produce any such documents in discovery, or otherwise adequately supplement her disclosures through her discovery responses. Indeed, as for her purported economic damages, Plaintiff's initial and amended Rule 26(a) disclosures contain only the bare statement that she is seeking "damages … based upon the cost of her medical care." Exhibit "A" at 11; Exhibit "B" at 11. That is no disclosure at all.

Her Declaration – to the extent that it can be construed as supplementing her Rule 26(a) disclosures as to economic damages – "disclosed" (a) that she is seeking unspecified "moving and storage costs," (b) the total amounts she paid to various medical providers, and for unspecified "Lab work" and "Medications," and (c) that her supposed "actual damages" are increasing. (Doc. 33-1 at 1-2). And her responses to the Damages Interrogatories added nothing substantive to her Rule 26(a) disclosures and Declaration (other than a reference to a vague treatment referral letter containing absolutely no

8

information about her medical expenses or moving and storage costs). Composite Exhibit "C" at 8-9, 25-26, 39-40; Exhibit "D". But no documents corroborating the alleged dollar amounts were ever turned over to Cole.

Accordingly, Plaintiff wholly failed to set forth a Rule 26-compliant computation of her only claimed economic damages – i.e., past and ongoing medical expenses, and moving and storage costs.[6] See Carter, 2021 WL 7502558, at *5 (plaintiff pointing to an "explanation of benefits" in a health insurance plan in response to interrogatory asking him to identify the documents supporting his accrued medical damages computation was insufficient to satisfy Rule 26 because "the explanation of benefits d[id] not demonstrate [plaintiff's] actual medical payments"); Gordon, 2009 WL 3850288, at *5-6.[7]

---

[6] Of course, any attempt to introduce evidence of economic damages other than those for which Plaintiff provided total amounts in her Declaration, as supplemented by her answers to the Damages Interrogatories, would also violate Rule 26(a)'s disclosure and computation requirements. In that regard, in response to Cole's First Request for Production of Documents, on **September 3, 2021**, Plaintiff produced a mere *narrative description* of multi-million dollar purported past lost earnings, future medical expenses, and loss of future earning capacity ("Damages Narrative"). Composite Exhibit "E". Plaintiff did not actually produce documents corroborating the Damages Narrative. To the extent this Damages Narrative could be construed as a disclosure that Plaintiff was at one time seeking to recover these economic damages, she abandoned any such claim through her supplemental Responses and Objections to Cole's First Set of Interrogatories served nearly a week later on **September 9, 2021** – which stated the only economic damages she was seeking were the "actual damages of $67,131.02 in actual costs" as stated in her Declaration. Composite Exhibit "C" at 12, 25-27 (note, although the Certificate of Service in the supplemental Responses and Objections states they were served on September 3, 2021, the service email clearly shows they were actually served on September 9, 2021); see Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response :.. if the party learns that in some material respect the disclosure or response is incomplete or incorrect). Thus, because Plaintiff did not in her Second Supplemental Responses and Objections to Cole's First Set of Interrogatories served on **September 15, 2021** further amend her supplemental Responses and Objections to re-disclose an economic damages claim for past lost earnings, future medical expenses, or loss of future earning capacity, any attempt at trial to introduce evidence as to such economic damages would also violate Rule 26(a)'s disclosure and computation requirements. Composite Exhibit "C" at 29, 39-40.

[7] Additionally, because Plaintiff has not supported her claimed economic damages totals by identifying any specific underlying documentation, she may not now attempt to point to some medical bills or other documents in her discovery productions to support her economic damages computation. That is because a "'plaintiff cannot shift to defendant the burden of attempting to determine the amount of the claimed damages from documents that are produced without any explanation of plaintiff's claimed damages.'" Richards, 2022 WL 4110348, at *4 (quoting Allstate Ins. Co. v. Nassiri, 2011 WL 2977127, at *4 (D. Nev. July 21, 2011)) ("simply disclosing the $1,000 [medical] bill – without more – does not satisfy [p]laintiff's Rule 26(a)(1)(A)(iii) obligation")).

**B.      *Plaintiff Cannot Show Her Rule 26 Violation Was Substantially Justified or Harmless, Warranting Exclusion of Any Economic Damages Evidence under Rule 37.***

The failure to comply with the disclosure requirements of Rule 26 automatically triggers exclusion under Rule 37(c), which states that a "party is not allowed to use [undisclosed] information or witness[es] to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted).

Plaintiff cannot show that her failure to disclose and compute her purported economic damages was substantially justified. Discovery closed nearly one (1) year after Plaintiff served her initial Rule 26 disclosures and Declaration. During this extensive discovery period, she had plenty of opportunities to – including in response to the Damages Interrogatories – supplement her economic damages disclosure with computations explained by specifically identified and produced documentation. Yet even though she purported to amend her initial Rule 26 disclosures, and twice supplemented her original responses to the Damages Interrogatories, ***she still failed to disclose any explanation of her conclusory economic damage figures, or to provide any supporting documentation***.

Given these failures, Cole's counsel repeatedly – through emails sent over several months – asked Plaintiff's counsel to produce the documentation supporting her supposed damages. Composite Exhibit "F" at 2, 11-15, 17, 20-21. Despite repeatedly agreeing to provide the required documentation, Plaintiff's counsel never did. See id. at 11, 13-15, 19, 21. Far from being justified, these failures are inexcusable. See Gordon,

2009 WL 3850288, at *5 (plaintiff's disclosure of damages itemization after deadline set by pre-trial order was "not a valid justification for her continuous failure to render an appropriate computation to supplement their lack of initial disclosure"); Klamut, 2017 WL 1196725, at *2 (plaintiff's failure to disclose adequate computation supported by evidentiary material was not justified where he provided no details or evidence explaining his counsel's inability to obtain medical records sooner); Richards, 2022 WL 4110348, at *5 (Rule 26(a) non-compliance was not substantially justified where "[t]here ha[d] been plenty of opportunity for [p]laintiff to supplement his disclosure obligations to both compute economic damages and to explain which medical bills/documents fell within each category").

Nor were Plaintiff's deliberate discovery violations harmless. The non-disclosure of an adequate computation supported by documentation (a) prevented Cole "from critically assessing" Plaintiff's economic "damage claim," Carter, 2021 WL 7502558, at *6, (b) prevented him from determining whether any bills were actually related to Cole's conduct, see Ioane, 2016 WL 4524752, at *11, (c) prevented him from "fully evaluat[ing] litigation strategy and enter[ing] into well-informed settlement negotiations" on economic damages, Klamut, 2017 WL 1196725, at *3, at the August 12, 2022 mediation held in this case (Doc. 70 at 1), and (d) would "clearly … prejudice[] [his] defense of the case given the moving target of claimed damages presented," Gordon, 2009 WL 3850288, at *6.

It gets worse. Plaintiff's refusal to comply with her Rule 26 obligations also severely prejudices Cole's ability to prove his affirmative defense under the collateral source rule. Cole reasonably believes that many of Plaintiff's medical and pharmacy expenses – whenever they were incurred and whatever necessitated them – were likely paid by

11

Plaintiff's insurance coverage and/or her federal disability coverage. Because Plaintiff has never disclosed her actual medical bills/invoices, Cole is hard-pressed to show how they were actually paid.

Because Plaintiff's Rule 26(a) non-compliance was neither substantially justified nor harmless, any evidence relating to economic damages – including those claimed in Plaintiff's Declaration and any others she may attempt to assert at trial – should be excluded pursuant to Rule 37(c).[8] See Gordon, 2009 WL 3850288, at *5-6 (excluding "evidence at trial of damages relating to medical expenses," including medical bills, due to Rule 26(a) non-compliance); Klamut, 2017 WL 1196725, at *3-4 (excluding medical or other special damages due to inadequate Rule 26(a) computation); Richards, 2022 WL 4110348, at *5 ("the exclusion of economic damages" was "a reasonable consequence" for failure to provide computation of medical damages that explained how each bill corresponded to the claimed damages); Ioane, 2016 WL 4524752, at *11 (barring plaintiffs from recovering medical expenses where they did not specifically identify medical bills in computation); Mee Indus. v. Dow Chem. Co., 608 F.3d 1202, 1221-22 (11th Cir. 2010) (affirming exclusion of evidence of damages that plaintiff failed to identify and calculate in its Rule 26 initial disclosures); City of Rome v. Hotels.com, L.P., 549 F. App'x 896, 904-05 (11th Cir. 2013) (same); Big Lots Stores, Inc. v. Luv N' Care, Ltd., 302 F. App'x 423, 429-30 (6th Cir. 2008) (upholding trial court's preclusion of evidence relating

---

[8] Under the ruling of at least one court, any testimony about the economic damages listed in Plaintiff's Declaration or any other purported economic damages would also be inadmissible under Federal Rule of Evidence 1002, commonly known as the "Best Evidence Rule," due to Plaintiff's failure to produce in discovery any medical or other bills supporting those figures. Brama v. Target Corp., 2019 WL 5536835, at *6 (N.D. Ill. Oct. 25, 2019) (under the Best Evidence Rule, where "self-serving 'Itemization of Damages' drafted by" plaintiff was excluded, and she had "not provided any underlying documents supporting her assertion that she has 'mounting bills' from the alleged slip and fall," she could not "prove her medical bills through oral testimony…regarding the same information").

to lost profits and storage costs because plaintiff repeatedly did not include damages in disclosures or discovery responses and failed to provide computations).

**IV.   Plaintiff Should Be Precluded from Suggesting a Specific Dollar Amount or Range of Her Alleged Non-Economic Damages.**

Plaintiff's violations of Rule 26 also extend to her purported non-economic damages of (a) pain and suffering, and (b) demand for punitive damages. "Courts in this district 'generally require[] the disclosure of Rule 26 information for non-economic compensatory and punitive damages,'" which includes "a good faith estimate of [the plaintiff's] damages along with the methods of calculation used to arrive at those damages." Hawes v. Tynda Holdings LLC, 2018 WL 3208370, at *1 (M.D. Fla. June 29, 2018) (quoting Johnson v. R.J. Reynolds Tobacco Co., 2013 WL 1899737, at *1 (M.D. Fla. May 7, 2013)); Babadjide v. Betts, 2018 WL 963404, at *2 (M.D. Fla. Feb. 20, 2018) (same).

When a plaintiff fails to provide an adequate computation of non-economic damages in compliance with Rule 26(a)(1)(A)(iii), federal courts in Florida preclude her from suggesting an amount or range of non-economic damages to the jury. Nagele v. Delta Air Lines, Inc., 2017 WL 6398337, at *2 (S.D. Fla. Dec. 13, 2017) ("if Plaintiff decides not to disclose a computation for non-economic damages at the initial disclosure phase, then Plaintiff is precluded from suggesting any amount [or range] of non-economic damages to the jury at any point or manner during the trial") (collecting cases); De Varona v. Discount Auto Parts, LLC, 2012 WL 2334703, at *2 (S.D. Fla. June 19, 2012) (same) (collecting cases); Gray v. Fla. Dept. of Juv. Just., 2007 WL 295514, at *2 (M.D. Fla. Jan. 30, 2007) (if plaintiff chooses not to provide a calculation for her suggested compensatory

damages, "in the event this case proceeds to trial, [she] may not suggest to the jury a suggested amount of compensatory damages for her emotional distress").

Here, Plaintiff's Rule 26(a) disclosures, Declaration, and responses to the Damages Interrogatories completely fail to compute – with the necessary supporting documentation or otherwise – a specific amount of non-economic compensatory and punitive damages. Instead, Plaintiff merely states in vague and conclusory form that she is seeking non-economic damages for pain and suffering, including her demand for punitive damages.  See Exhibit "A" at 10-11; Exhibit "B" at 10-11; Composite Exhibit "C" at 8-9, 25-26, 39-40; (Doc. 33-1). That is not enough. Due to Plaintiff's failure to compute her supposed non-economic damages for pain and suffering and punitive damages, she should be precluded from suggesting to the jury a specific dollar amount or range of those supposed damages.

## V.   Conclusion.

For all of the foregoing reasons, Cole respectfully requests that the Court enter an order (a) excluding at trial any evidence or argument relating to economic damages, and (b) prohibiting Plaintiff from suggesting to the jury a specific dollar amount or range of non-economic damages.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), on December 6, 2022, undersigned counsel for Cole conferred with counsel for Plaintiff (Duncan G. Byers, Esq.), who indicated that Plaintiff opposes the relief requested here.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of December, 2022, I electronically filed the foregoing **Defendant's Motion in Limine to (a) Exclude Evidence and Argument Relating to Economic Damages, and (b) Preclude Plaintiff from Suggesting a Dollar Amount or Range of Non-Economic Damages to the Jury** with the Clerk of the Court by using the CM/ECF system, which will send an electronic copy to the following:

Duncan G. Byers, Esquire
Patten, Wornom, Hatten &
Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Email: dbyers@pwhd.com
      cveals@pwhd.com
*Counsel for Plaintiff*

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone:   (407) 420-1000
Facsimile: (407) 420-5909
Email: spiveyw@gtlaw.com
      bakerco@gtlaw.com
      nef-iws@gtlaw.com
      FLService@gtlaw.com
*Counsel Defendant Bryan A. Cole*

By: */s/ I. William Spivey, II*
    I. William Spivey, II, Esquire
    Florida Bar No. 701076
    Colin S. Baker, Esquire
    Florida Bar No. 0066352

*ACTIVE 683695743v11*